STALLING *v.* STATE OF INDIANA.

[No. 30,517. Filed December 22, 1964.]

*George R. Brawley,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General of Indiana, and *Carl E. Van Dorn,* Assistant Attorney General, and *Walter R. Helmke,* Prosecuting Attorney Allen County, for appellee.

ACHOR, J.—Appellant was charged by affidavit in two counts; (1) with unlawful possession of marijuana, and, (2) the unlawful sale of marijuana. He was tried to a jury and convicted on both counts. Sentence was entered accordingly, with the provision that the sentence for both counts run concurrently.

The overruling of the motion for new trial, which is assigned as cause for appeal, was founded upon the following reasons:

1. That the court erred in overruling defendant's motion to dismiss the plaintiff's case.

2. That the verdict of the jury is contrary to law.

The state's case is made to rest upon the testimony of one William R. Jackson, a federal narcotics agent attached to the Treasury Department. He testified that he and another witness had been with appellant

when the latter had smoked a marijuana cigarette which he said was made of "good stuff." Later, on November 2, 1962, the agent asked if he could buy some "stuff," at which time the appellant sold him a "small bound paper packet containing a quantity of green weedy material, later analyzed as marijuana, for the sum of $6.00."

Appellant argues that since no other evidence was offered on the subject of the possession and sale of the marijuana by the appellant, the evidence before the court could not be accepted as substantial proof of such possession and sale. However, appellant cites no authority in support of the above contention. We therefore must treat the issue as to the sufficiency of the evidence as having been waived. *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551; *White* v. *Board of Med. Regis. and Exam.* (1956), 235 Ind. 572, 134 N. E. 2d 556; *Stearn* v. *State* (1951), 230 Ind. 17, 101 N. E. 2d 67; Rule 2-17 (e) and (f).

Furthermore, we note that the above contention is contrary to the general rule that this court will not, on appeal, weigh evidence of probative value which has been heard by the trial court. Also, we further note that in a similar case wherein the purchaser of whiskey in the prohibition era was the only state's witness against the seller, this court held as follows:

" . . . It is not the law that the uncorroborated testimony of one witness is insufficient to sustain a conviction of one charged with a criminal offense . . . ."*Hiner* v. *State* (1929), 89 Ind. App. 152, 154, 166 N. E. 20.

Judgment affirmed.

Arterburn, C. J., Landis & Myers, JJ., concur.

Jackson, J., concurs in result only.

NOTE.—Reported in 203 N. E. 2d 191.