## JONES *v.* STATE OF INDIANA.

[No. 269-S-36. Filed February 18, 1970. Rehearing denied April 15, 1970.]

*William B. Powers,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the offense of assault and battery with intent to kill and found guilty by the court of the lesser included offense of aggravated assault and battery. Upon this conviction appellant was sentenced to the Indiana State Reformatory for not less than one nor more than five years.

The evidence in this case is as follows:

At about 11:30 P.M. on November 15, 1966, the prosecuting witness, Kenneth Noe, delivered fuel oil to an apartment in the 1400 block of Roosevelt Drive, Indianapolis. After making the delivery, Noe started walking back to his truck, which was parked in an alley at the above address. Noe testified that at that time he saw the appellant and two other men coming up behind him. As he turned around to face the approaching men, they advanced to within two or three feet of him, at which time Noe observed the appellant holding a gun in his hand. At about the time Noe saw the gun, he testified that appellant fired. The bullet struck Noe in the right arm, breaking it.

Another witness for the State one Ray Kingery testified that he was riding with Noe in the oil truck on the night in question. However, at the time of the alleged assault, Kingery had started to enter the truck and testified that although he had seen the three men come down the alley, he did not see them at the time the shot was fired. Upon hearing the shot, he entered the truck, ducked down and saw two of the three men running away.

In the meantime, Noe, who had been knocked down by the impact of the bullet, got back to his feet and made his way to the cab of the truck. He then drove his truck to the intersection of Meridian and 22nd Streets where he obtained aid from Indianapolis Police Officer Donald W. Drumm.

Officer Drumm testified that after ascertaining that Noe had been shot in the arm, he had him removed to Methodist Hospital. After further questioning of Noe, the officer proceeded to Apartment 19 at 1475 Roosevelt, where he apprehended the appellant and two other suspects. Immediately upon their apprehension Officer Drumm transported the suspects to Methodist Hospital and took them before Noe for identification.

Noe also testified that he saw and identified the appellant at the Hospital on the day of the alleged assault. As the time of the trial Noe also identified the appellant as the one who fired the shot which had injured him.

Appellant alleges that it has not been proved beyond a reasonable doubt that he perpetrated the assault upon Noe for the reason that Noe's testimony was not corroborated by any other person. It is true that Kingery stated that he could not positively identify the appellant. However, his testimony indicates that at no time did he get a close look at the appellant, whereas Noe was standing face to face at a distance of not over three feet at the time the shot was fired. He not only identified appellant as his attacker on the day the crime was committed but also identified him in open court on the day of the trial. This Court has held many times that a conviction may be sustained by the uncorroborated testimony of one witness. *Stalling v. State* (1964), 246 Ind. 102, 104, 203 N. E. 2d 191.

Appellant further alleges that the State failed to prove beyond a reasonable doubt that the appellant was the one who fired the shot for the reason that the weapon used in the assault was not recovered and thus not linked to the appellant. Appellant cites no authority for this proposition nor are we able to find any authority requiring the State to produce a weapon used in an assault. Such a thing is, of course, desirable if the weapon is available. But certainly the fact of an assault where a weapon is used may

be proved by evidence separate and apart from the weapon itself. *Keesier* v. *State* (1900), 154 Ind. 242, 245, 56 N. E. 232.

Next appellant argues that his conviction was improper because the investigating police officers did not conduct a paraffin test on appellant, which test would have established whether or not he had recently discharged a firearm. Here again although a paraffin test may be quite useful in many instances either to prove innocence or guilt, we know of no proposition of law requiring a reversal of a conviction simply because known scientific tests were not used by the police.

Appellant next claims the police officers failed to advise the appellant of his constitutional rights as required by *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. However, as pointed out by the Supreme Court of the United States in the *Miranda* and related cases, appellant must show that he has been harmed by the failure of the police to give this advice. In the instant case, the appellant never made any admissions at all to the police officers and went to trial on a plea of not guilty. There is absolutely no evidence in the case that he ever at any time admitted any connection with the crime to any one. We, therefore, hold that *Miranda* is not applicable.

Appellant next claims there is error in that immediately upon his arrest he was taken to the hospital where he was identified by Noe without benefit of a formal lineup and without the presence of counsel. It is appellant's contention that this is a violation of his constitutional rights as set forth in *U. S.* v. *Wade* (1967), 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 and *Gilbert* v. *California* (1967), 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178. In both *Wade* and *Gilbert,* the Supreme Court of the United States was faced with a situation where after arraignment and appointment of counsel to represent the defendants they had been subjected to what the Court describes as an unconstitutional lineup

without notification to their court appointed counsel and without any opportunity for counsel to be present at the lineup. In the case at bar the police officer, who had obtained a description of Noe's attackers, returned immediately to the scene of the attack where he arrested the appellant and his two companions. He then returned them immediately to Methodist Hospital for identification by their supposed victim. The situation in the case at bar does not parallel the *Wade* and *Gilbert* situation. In those cases the Court describes a situation which is deliberately calculated to obtain identification long after arrest and charge of the accused, whereas in the case at bar good police work dictates that an apprehended suspect be taken immediately before the supposed victim for identification. This is not only an aid in the apprehension of criminals, but more important is an invaluable safeguard to a person who might be mistakenly arrested by the officers, but when taken before the victim of the crime would be released because of a positive statement of the witness that the arrested person was not the person sought. To hold that police officers cannot allow a victim of the crime to see a suspect until after that suspect can be arraigned and counsel appointed to be present at any confrontation would be an unrealistic and in many instances an unconscionable detention of innocent persons. We, therefore, hold that the principle of lineup confrontation as set forth in *Wade* and *Gilbert* has no application in the case at bar. *McPhearson* v. *State* (1969), 253 Ind. 254, 253 N. E. 2d 226, 19 Ind. Dec. 561.

The trial court is in all things affirmed.

Hunter, C.J., and Arterburn, J., concur; Jackson, J., concurs in result; DeBruler, J., concurs with opinion.

## CONCURRING

DeBruler, J.—The standards set forth in *U. S.* v. *Wade* (1967), 388 U. S. 213, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, which grant to criminal defendants the right to assistance of a law-

yer at all critical pre-trial stages, does not apply to pre-trial identifications occurring prior to June 12, 1967. *Stovall* v. *Denno* (1967), 388 U. S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967. The confrontation between appellant and the victim Noe at Methodist Hospital occurred on November 15, 1966, and, therefore, the *Wade* rule is inapplicable to this case. *Lewis* v. *State* (1969), 252 Ind. 454, 250 N. E. 2d 358. If the confrontation in the case on appeal had occurred after the effective day of the *Wade* rule it would, in my judgment, definitely apply here. Prior to the effective date of the *Wade* rule, the rule of *Stovall* v. *Denno, supra,* would apply here, however, appellant's counsel does not urge its application. See my concurring *State* (1969), 252 Ind. 454, 250 N. E. 2d 358. If the confronta- (1969), 253 Ind. 254, 253 N. E. 2d 226.

I do not agree with the exception to the *Wade* rule, adopted by the majority in *Lewis* and *McPhearson* and further adhered to and defined in the majority opinion today, because it is based on the fallacious assumption that innocent persons, suspected of having committed criminal offenses, will be benefited by this exception which denies to a suspect in custody the right to have a lawyer present at a pre-trial confrontation which takes place shortly after the offense has occurred. Assume a man is arrested for an offense which he is charged. Is the innocent man not better off if the police are required to wait until the man can hire a lawyer to accompany him to this identification scene or in the alternative, are required to obtain a voluntary waiver from the suspect of his right to have his lawyer present? Even assuming that the alleged victim's memory of his assailant's appearance may be fresher, and that a delay in the identification might result in the innocent suspect over-nighting in jail, is this man's ultimate acquittal of the charge not more likely to occur if he has the right to counsel present? An innocent man in custody desiring to have an immediate confrontation with his supposed victim without counsel, can get one by waiving the right to counsel.

Since the Wade rule is inapplicable to this case and I fully

concur in the disposition by the majority of all other issues I vote to affirm the conviction.

Jackson, J., concurs.

NOTE.—Reported in 255 N. E. 2d 219.