## JAUDON *v.* STATE OF INDIANA.

[No. 1269S294.   Filed October 19, 1970.   Petition for rehearing denied December 30, 1970.]

*Leo J. Lamberson,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged by indictment with the crime of first degree murder. Trial by jury resulted in a conviction of murder in the second degree. The appellant was sentenced to the Indiana State Prison for life.

The facts shown by the record before us are as follows:

On November 28, 1968, the appellant asked Donald Smith, a fifteen year old boy, to drive with him to the home of Eddie Ralph Rapp. The appellant stated that he wanted to go there to get some money. As they left Smith's home, Smith noticed that appellant was wearing a trench coat, and that he was carrying a rifle under the coat.

When they arrived at Rapp's home the appellant instructed Smith to keep the car's motor running, then both Smith and the appellant entered Rapp's home. A conversation ensued in which the appellant demanded money which he claimed Rapp owed him. Rapp replied that he did not have any money. After repeated demands and repeated assertions on the part of Rapp that he had no money, the appellant fired the rifle at Rapp. After the first shot Rapp stated, "O.K., Bill, I am dead," to which the appellant replied, "No, Ralph," and fired a second shot into Rapp's head. After Rapp had been shot the appellant rummaged through a drawer in Rapp's home. Upon Smith's suggestion, both Smith and the appellant left.

As they drove in the automobile across Sample Street Bridge in South Bend the appellant instructed Smith to stop the car, upon which appellant threw the rifle into the river. Upon arriving at Smith's home, the appellant instructed Smith to tell no one what had happened. The next day the appellant told Smith's mother that he had them where he wanted them, and that he had killed Rapp.

The St. Joseph County Coroner testified that he saw the body of the decedent Rapp on November 29, 1968. He described two bullet wounds in the body, one in the upper chest with an exit wound in the back, the other with an entrance wound at the end of the victim's nose and with a massive

exit wound on the back part on the right side of the skull from which brain tissue was protruding. He testified that the cause of death was the massive bullet wound in the head and brain. He stated, "Nobody could live with that kind of wound." He further stated that the appearance of the body was in itself sufficient for him to determine the cause of death. He further stated that in his opinion the wounds were such as would be inflicted by shots fired from a high powered firearm held probably at a distance of not more than one foot from the victim. Evidence shows that the police sought to recover the gun from the St. Joseph River, but it was never found.

The defendant himself testified that he had purchased "a 303 British" at K Mart and two boxes of shells. That he took the gun to his home, loaded it and stood it in a corner, but that it later disappeared.

Appellant first claims as error that he was denied the right to inspect the grand jury minutes. His motion to inspect the grand jury minutes was filed before trial. The State filed an answer stating that no written minutes were taken of the testimony of any witnesses before the grand jury. Appellant claims this was in violation of Burns Ind. Stat. § 9-810. In this he is correct as the statute specifically instructs that minutes shall be taken. However, we see no reversible error for the reason that the record fails to disclose any ruling by the trial court on appellant's motion. It is a well settled principle that there can be no error claimed in this Court if the trial court has never ruled on the motion in question. *Wolf Produce and Transportation Company, Inc. et al.* v. *Lang Trucking, Inc.* (1965), 136 Ind. App. 571, 203 N. E. 2d 308, 4 Ind. Dec. 394.

We also see no reversible error in this regard for the reason that it appears from the record that no foundation was laid showing the necessity of examination of the grand jury testimony. *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873, 20 Ind. Dec. 164. The persons testifying

against the appellant at the trial were available for complete cross-examination on behalf of the appellant. There was no evidence whether they did or did not testify before the grand jury. We have often said that it is not enough that error be shown in the record, but it must be error which was prejudicial to the defendant. *Temple* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850, 2 Ind. Dec. 656.

We cannot presume under the circumstances of this case that appellant was in any way harmed by the failure of the grand jury to comply with the statute requiring them to keep minutes of their proceedings.

Appellant next claims the trial court erred in refusing his pre-trial request for a polygraph test. The record discloses that although appellant did file such a request, he withdrew his request with leave of the court two days after he had filed it. After the jury had returned its verdict of guilty of second degree murder, the appellant again made a request for a polygraph test. We have previously held that the taking of a polygraph test after a verdict of guilty is irrelevant, and that neither a court nor a jury could consider such a belated test in that it would be a matter dehors the record. *Maddix* v. *State* (1968), 250 Ind. 261, 235 N. E. 2d 475, 14 Ind. Dec. 8.

Appellant next argues that the coroner's testimony was incomplete because no autopsy was conducted. Appellant also claims that Burns Ind. Stat. § 49-2904 requires a coroner to have an autopsy performed. With this we cannot agree. The express language of the statute is that the coroner may have an autopsy performed "whenever any coroner deems it necessary * * *." The testimony of the coroner in this case was quite explanatory as to why he did not order an autopsy performed. He described the condition of appellant's head resulting from the gunshot wound and stated that the very appearance of decedent's body was sufficient for him to form an opinion as to the cause of death.

The coroner's testimony certainly presented a set of facts from which the jury could reasonably conclude that the decedent died as a result of a gunshot wound in the head.

Appellant next claims that there was insufficient evidence to sustain the conviction of second degree murder, and that his motion for directed verdict should have been sustained. In support of this contention he states that the appellant was convicted upon the uncorroborated testimony of a single witness. With this we cannot agree. Even had there been only one witness, we have previously held that a conviction can be sustained on the uncorroborated testimony of a single witness. *Jones* v. *State* (1970), 253 Ind. 480, 255 N. E. 2d 219, 20 Ind. Dec. 262; *Stalling* v. *State* (1964), 246 Ind. 102, 203 N. E. 2d 191, 4 Ind. Dec. 352. However, in this case at bar we point out that not only did the Smith boy testify against the appellant, but that the boy's mother also testified that the appellant told her he had killed the decedent.

Appellant also claims that there is not sufficient evidence to establish the elements of second degree murder. With this we do not agree. The statute defining second degree murder in effect at the time this prosecution was begun reads as follows:

> "Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life. [Acts 1905, ch. 169, § 350, p. 584.]" Burns Ind. Stat., 1956 Repl., § 10-3404.

From the evidence in this case the jury was justified in finding that the appellant purposely shot the decedent. We have held many times that malice may be inferred from the intentional use of a deadly weapon. *Emery* v. *State* (1968), 250 Ind. 500, 236 N. E. 2d 28, 14 Ind. Dec. 128.

We, therefore, hold that there was ample evidence to sustain the verdict of guilty of murder in the second degree. The trial court is in all things affirmed.

Hunter, C.J., and Arterburn and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 262 N. E. 2d 851.