DONALD JOSEPH DOCKERY *v*. STATE OF INDIANA.

[No. 3-1273A177. Filed October 16, 1974.]

*Leo J. Lamberson,* St. Joseph County Public Defender, of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Donald Joseph Dockery was charged by affidavit in three counts with I) first degree burglary; II) robbery while armed; and, III) inflicting injury during the commission of a robbery. Appellant pleaded not guilty to each count of such affidavit. Following trial before a jury, appellant was found guilty of the lesser included offenses of entering to commit a felony (Count I) and theft from the person (Count III). He was found not guilty of the offense of robbery while armed (Count II). Appellant was sentenced to the custody of the Indiana Department of Corrections for concurrent periods of not less than one year nor more than five years for entering to commit a felony and not less than one year nor more than ten years for theft from a person. Thereafter, appellant's motion to correct errors was overruled and this appeal was perfected.

An examination of the evidence most favorable to the State discloses that during the evening of January 25, 1973, the prosecuting witness, John McClanahan, and one Craig Swieczkowski were watching television in McClanahan's residence

located in St. Joseph County, Indiana. Also present at the time was McClanahan's wife. At approximately 9:30 P.M., McClanahan responded to a knock at the rear door of the house. Upon reaching the door, McClanahan drew aside a curtain and observed a man whom he later identified as appellant-Dockery standing directly in front of him at a distance of approximately one to three feet. Presently, the rear door was kicked inward. McClanahan testified that Dockery, who at the time was accompanied by two other unidentified individuals, moved quickly toward him while confronting him with a gun and that Dockery thereupon struck him in the chest causing him to fall down. McClanahan further testified that he was informed that "this was a robbery", instructed to lie face down on the floor and told not to look up or his head would be "blown off." McClanahan's wife, who had responded to the commotion, was similarly instructed to lie face down on the floor. During a subsequent period of time portions of McClanahan's house were ransacked and both he and his wife were forced to crawl to separate rooms. McClanahan's testimony disclosed that the intruders were in search of marijuana and, indeed, were successful in seizing "a good size bag full" from McClanahan's house. Aside from the marijuana, several other items of property were taken from McClanahan's residence. They included a stereo for which McClanahan paid $175; two wigs belonging to McClanahan's wife; an undetermined amount of clothing; a wristwatch; a piggy bank containing dimes and McClanahan's wallet which contained approximately forty or fifty dollars. The prosecuting witness further testified that when he returned to the living room of his house following the robbery, he noted that Craig Swieczkowski was not there and that he recalled that earlier "someone made the comment of taking him hostage."

The first issue to be considered is whether there was presented sufficient evidence as to the identification of the appellant to sustain the verdict of guilty.

Where questions with regard to the sufficiency of evidence are raised, this court is bound to consider only that evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom which will support a finding of guilty. *Gatchett* v. *State* (1973), 261 Ind. 109, 300 N.E.2d 665, 667; *Lambert* v. *State* (1969), 252 Ind. 441, 445, 249 N.E.2d 502, 18 Ind. Dec. 246. Moreover, a reviewing court will abstain from weighing the evidence or determining the credibility of witnesses. *Hubble* v. *State* (1973), 260 Ind. 655, 299 N.E.2d 612; *Combs* v. *State* (1973), 158 Ind. App. 521, 303 N.E.2d 289, 39 Ind. Dec. 585. A conviction will be affirmed provided that there exists substantial evidence of probative value from which the trier of fact could have reasonably inferred that the accused is guilty beyond a reasonable doubt. *Thomas* v. *State* (1973), 260 Ind. 604, 298 N.E.2d 425; *Bonds* v. *State* (1973), 158 Ind. App. 579, 303 N.E.2d 686, 39 Ind. Dec. 634 (transfer denied).

Under direct examination by the State, McClanahan testified as follows as to his identification of appellant:

"Q   The man that you described as the man that pushed open the door and had the gun on you and so forth is he present in the Courtroom?

"A   Yes, sir, he is.

"Q   Would you point him out, please?

"A   Right there, Donald Dockery in the white shirt.

"Q   Is there any doubt in your mind whatsoever Mr. McClanahan, that Mr. Dockery is the man?

"A   None at all, sir."

Further, under cross-examination this witness testified concerning the circumstances upon which his identification was based, as follows:

"Q   You say that at the time that you opened this curtain at the back door that you saw Mr. Dockery here alledgedly?

"A   Uh-huh.

"Q   How far away from the window was his face?

"A   One to three feet.

"Q Was there any light outside of the door in the area?
"A Yes, sir, I have a light directly above in the middle of the breezeway, in the middle of the breezeway, there is no shade over it just a light bulb."

The weight accorded testimony regarding a witness' positive identification of the defendant is a matter which falls exclusively within the province of the trier of fact. *Hash* v. *State* (1973), 259 Ind. 683, 291 N.E.2d 367; *Chattman* v. *State* (1974), 160 Ind. App. 505, 312 N.E.2d 529, 42 Ind. Dec. 442; *Alexander* v. *State* (1973), 158 Ind. App. 698, 304 N.E.2d 329, 40 Ind. Dec. 96. Moreover, it is to be noted that a conviction may be sustained upon the uncorroborated testimony of a single witness. *Jaudon* v. *State* (1970), 255 Ind. 114, 262 N.E.2d 851; *Jones* v. *State* (1970), 253 Ind. 480, 255 N.E.2d 219; *Black* v. *State* (1972), 153 Ind. App. 309, 287 N.E.2d 354, 32 Ind. Dec. 572.

Although McClanahan's testimony in which he positively identified the defendant was uncorroborated, it was nevertheless undisputed by any other testimony introduced during the trial. It must be concluded, therefore, that appellant's conviction stands supported by substantial evidence of probative value from which the trier of fact could reasonably infer that appellant is guilty beyond a reasonable doubt.

The next issue to be considered is whether the trial court erred in refusing to grant appellant's motion for a continuance made on the day upon which his trial was to commence.

An examination of certain entries made of record by the trial court discloses that on April 16, 1973, the defendant was advised with regard to the charges contained in the affidavit and was asked by the trial court if he had an attorney. The defendant replied, "No, not at this time, but I would like to have Mr. Luber." Thereafter, the trial court appointed County Public Defender Anthony Luber to counsel with the defendant and instructed the defendant to contact Mr. Luber. Arraignment was set for April 23, 1973. On that day, the defendant appeared by Attorney Patrick Brennan and Asso-

ciates. Upon defendant's request, arraignment was continued to April 30, 1973. The trial court, in addition, granted the request of Mr. Luber to withdraw his appearance for the defendant. On May 22, 1973, the cause was set for jury trial on September 12, 1973. On August 20, 1973, the following discussion was had before the trial court:

"THE COURT: You're Donald Dockery?

"THE DEFENDANT: Yes.

"MR. AMBLER: We want to withdraw our appearance.

"THE COURT: Attorney Patrick Brennan and Associates request permission to withdraw their appearance for the defendant. The defendant informs the Court that he is going to get another attorney. The Court informs the defendant that this case is set for trial on September 12, 1973 and that he will be expected to go to trial on that day. The defendant informs the Court that he has talked to Mr. Gonderman.

"THE DEFENDANT: Appoint me a lawyer.

"THE COURT: You say that you have talked to Mr. Gonderman?

"THE DEFENDANT: Appoint me a lawyer.

"THE COURT: I'm going to appoint a [an] attorney for you because you will go to trial on that day.
The Court now appoints County Public Defender Leo Lamberson to represent the defendant until such time as the defendant has his own attorney. The defendant is informed that there will be no continuance for the trial for the reason that he does not have an attorney.

"THE DEFENDANT: I would like Mr. Luber.

"THE COURT: Did Mr. Luber talk to you about this?

"THE DEFENDANT: That is who I would like to talk too [to].

"THE COURT: Mr. Lamberson is up and it is up to you to go and see Mr. Lamberson at his office and he is in the Odd Fellow Building. She will give you a note as to where it is. Mr. Lamberson will appear for you right a way [sic].
Now you know that you have to get ready for trial by September 12th so you better cooperate with him and in the meantime you get some other attorney and make sure that you tell him that you're going to trial on September 12th, do you understand that, Mr. Dockery?

"THE DEFENDANT: Yes."

On September 12, 1973, the day upon which the trial had been scheduled to commence, the following took place before the trial court:

"MR. LAMBERSON: Your Honor, please, I notice from the last minutes of the Court records here that this matter was set for trial for today. I had not been personally contacted by the defendant until last evening though he called me at the office once or twice before he came in.

This being a serious case and involves up to life and with that seriousness which is involved and after talking to him and his mother I do not feel at this time, your Honor, that counsel is amply prepared for trial and the young man does have some witnesses who are not available at this time. I was just apprised of it by his mother and for those reasons along with whatever he may have to tell the Court and we have to feel constrained to ask for a continuance.

"THE COURT: Mr. Dockery, remember on August 20th when you were here?

"THE DEFENDANT: Yes.

"THE COURT: And at that time I told you that it was set for trial on this date?

(No response)

"THE COURT: Will you answer me, yes or no?

"THE DEFENDANT: Yes, I remember.

"THE COURT: And I told you that we were not going to grant you a continuance and this was all recorded and you understood that day that it was going to trial today, September 12, 1973?

(No response)

"THE COURT: Answer me?

"THE DEFENDANT: Yes, I did.

"THE COURT: On that date you or your former attorney had to withdraw because you failed to cooperate with him, didn't he, Mr. Brennan?

"THE DEFENDANT: Right.

"THE COURT: And you said that you were going to get another attorney and I appointed an attorney to make sure that you were represented so that you could go to trial today, do you remember that?

"THE DEFENDANT: Yes, I do.

"THE COURT: Than [Then] I appointed Mr. Lamberson

and told you that it was up to you to get in touch with him?

"THE DEFENDANT: Yes, you did.

"THE COURT: When did you get in touch with him?

"THE DEFENDANT: Well, yesterday, but —

"THE COURT: This was on August 20th that all of this happened, wasn't it?

"THE DEFENDANT: Right.

"THE COURT: That was on the 20th of August?

"THE DEFENDANT: Yes, but the time that elapsed I was trying to get another attorney.

"THE COURT: You understood that you were going to trial today?

"THE DEFENDANT: I did.

"THE COURT: You're going to trial and I'm going to deny any request for a continuance and all that you're doing is trying to trick the Court. You did it before and you're trying to do it again and I'm not going to let you get away with it. Your request for a continuance is denied.

We're ready for trial and I told you to get ahold of Mr. Lamberson and you're the one who did not do this. Now, we're ready for trial and we're going to trial. It's your own fault, Mr. Dockery and I understand that you can get up to life in prison but you're the one who was told to get ahold of Mr. Lamberson and you refused to do it until yesterday or last night. I don't think that is the Court's fault, that is your fault."

Appellant does not contend that his motion for continuance was based upon statutory grounds; and, it is clear that such an assertion would not be possible. IC 1971, 35-1-26-1, Ind. Ann. Stat. § 9-1401 (Burns 1956) provides, in pertinent part, as follows:

"A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or con-

nivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. **** The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date. If the motion for continuance is based upon the illness of the defendant or of a witness, the motion shall be accompanied by the oral testimony, in open court, or by the written statement of a physician or hospital official having the care or custody of such defendant or witness, presenting the nature of the illness and the probable duration of his incapacity to attend trial. Such written statement of the physician or hospital official shall be sworn to by such physician or hospital official before a notary public or other officer authorized to administer an oath."

In the case at bar, no attempt was made to comply with the procedures required by IC 1971, 35-1-26-1, *supra.* See: Ind. Rules of Procedure, Trial Rule 53.4. As a consequence, the ruling on the motion for continuance was within the discretion of the trial court. *King* v. *State* (1973), 260 Ind. 422, 296 N.E.2d 113; *Johnson* v. *State* (1970), 254 Ind. 465, 260 N.E.2d 782; *Carlin* v. *State* (1970), 254 Ind. 332, 259 N.E.2d 870; *Reed* v. *State* (1973), 157 Ind. App. 334, 300 N.E.2d 108, 38 Ind. Dec. 205 (transfer denied); *Trinkle* v. *State* (1972), 153 Ind. App. 524, 288 N.E.2d 165, 33 Ind. Dec. 190 (transfer denied). Such ruling must be upheld in the absence of a clear showing of an abuse of discretion. Generally, requests for continuance are not favored and will only be granted in furtherance of justice upon a showing of good cause. Account must be taken not only of the request of a defendant but also of the public interest in the prompt disposition of the case. See: ABA Standards, Speedy Trial, § 1.3, at 5 [Approved Draft, 1968].

The record discloses that on May 22, 1973, trial was set to commence on September 12, 1973. On August 20, 1973,

appellant, after having been represented by numerous attorneys at various stages in the pre-trial proceedings, was informed by the trial court that trial would begin on September 12. Appellant was also advised that Attorney Leo Lamberson, County Public Defender, had been appointed to represent him until such time as he was able to obtain his own attorney and was informed further that "there will be no continuance for the reason that he [appellant] does not have an attorney." The trial court further instructed appellant that it was incumbent upon him "to go and see Mr. Lamberson at his office." Appellant was told that "Mr. Lamberson will appear for you right a way [sic]." Appellant was asked if he understood. He replied affirmatively.

Where the date of trial was set as early as May 22, 1973; where appellant had been represented by a number of attorneys on various occasions on matters which pertained to his case; where appellant was, on August 20, 1973, informed in clear and unequivocal terms that trial would commence on September 12, 1973, and that no continuances would be allowed; and where an attorney was appointed and appellant instructed to contact him, it can only be concluded that appellant's failure to be prepared when the day of trial arrived was due solely to his own neglect. Under these circumstances the trial court did not abuse its discretion in refusing to grant a continuance. See: *State* v. *Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70; *United States* v. *Blassick* (7th Cir. 1970), 422 F.2d 652.

The next issue presented is whether the trial court erred in refusing to permit testimony regarding appellant's alleged alibi to be introduced.

IC 1971, 35-5-1-1, Ind. Ann. Stat. § 9-1631 (Burns 1956) provides as follows:

"Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten [10] days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a

notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or affidavit as the time of such offense. The provisions of this statute shall not apply in case the court sets the trial for a date less than fourteen [14] days ahead."

Further, IC 1971, 35-5-1-3, Ind. Ann. Stat. § 9-1633 (Burns 1956), provides, in pertinent part, as follows:

"In the event of the failure of the defendant to file and to serve the defendant's original notice, as prescribed herein or the defendant's second notice as prescribed herein, *** the court may in its discretion extend the time for filing the same. At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi. *** At the trial, if it appears that defendant has failed to file and to serve upon the prosecuting attorney, the defendant's second notice as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish that he was at a place other than the place specified in the prosecuting attorney's statement, and that the time was other than the time stated in the prosecuting attorney's statement."

Appellant failed to comply with the provisions of IC 1971, 35-5-1-1, *supra,* which require the filing of a notice in writing of intention to offer alibi defense. Other than attempting to introduce certain testimony concerning an alibi, the defense did not make "a showing of good cause for such failure" to timely file notice. As a result, the testimony was properly excluded. *Lamar* v. *State* (1964), 245 Ind. 104, 195 N.E.2d 98; *Shelton* v. *State* (1972), 259 Ind. 559, 290 N.E.2d 47; *Pearman* v. *State* (1954), 233 Ind. 111, 117 N.E.2d 362.

While it is asserted that the trial court committed error by overruling the defendant's motion for a directed verdict and in sustaining objections by the State to certain questions

propounded by the defense on cross-examination, we find that the rulings of the trial court in both respects were entirely proper.

No reversible error having been shown, the judgment of conviction appealed from is affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 317 N.E.2d 453.