XAVIER A. WEBB *v.* STATE OF INDIANA.

(No. 676S167. Filed July 21, 1977.)

*Terrance L. Smith, Murphy, McAtee, Murphy & Constanza,* of East Chicago, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by indictment with two counts of first degree murder, Ind. Code § 35-13-4-1 (Burns 1975). After trial to the jury the defendant was found guilty of both counts as charged, and was sentenced to life imprisonment.

This appeal presents the following issues:

(1) Whether the defendant was denied his constitutional right to confront witnesses against him,

(2) Whether, as a matter of law, the defendant's convictions are sustained by sufficient evidence.

## ISSUE I

Willie Cox was charged for the same crimes as was the defendant, but, as a result of plea bargaining, he had agreed to testify for the State against the defendant. After taking the stand and giving a few answers upon direct examination, however, Cox changed his mind and evoked his privilege to remain silent, and the court dismissed Cox. The defendant made no objection, nor did he seek to cross examine Cox. By such inaction, he waived the error, if any, which he now seeks to have reviewed. On appeal, the defendant for the first time complains that the dismissal of Cox after he had answered questions on direct examination was a denial of his right to confront witnesses against him as guaranteed by the Sixth Amendment to the Constitution of the United States and Article I, § 13, Constitution of the State of Indiana.

Although there are rights, the violation of which so patently deny a defendant's right to a fair trial or constitute such a grave deviation from a trial judge's *sua sponte* duties as to be "fundamental error" which may be raised for the first time on appeal, see *Winston* v. *State*, (1975) Ind. App., 332 N.E.2d 229, 232-234, the right claimed to have been lost in this case is not among them. The decision to waive cross-examination of a witness is a commonplace trial tactic, and only the interested party can judge whether such a course of action is in his own best interest. A trial judge has no affirmative duty to ascertain whether a defendant is passing up cross-examination because of tactical considerations or through oversight or error.

Accordingly, absent preservation of the error in the court below, this Court will refuse to review the alleged error. *Finch* v. *State*, (1975) 264 Ind. 48, 338 N.E.2d 629; *Brown* v. *State*, (1975) 264 Ind. 40, 338 N.E.2d 498; *Harrison* v.

*State,* (1972) 258 Ind. 359, 281 N.E.2d 98; *Smith* v. *State,* (1971) 256 Ind. 603, 271 N.E.2d 133.

## ISSUE II

After Cox refused to testify, the sole witness to give testimony which connected the defendant to the murders was one Donald McHenry. McHenry testified that he observed the defendant and his three companions from the darkened windows of his mother's house while those four and the two murder victims were outside. McHenry testified that he saw the defendant shoot one victim, Battle, in the leg with a handgun, and that the other victim, Leonard, was then pleading for his life. McHenry then testified that the defendant and another pushed Leonard to the rear of the house where he was shot to death. McHenry was unsure who had fired the fatal shots, but after all was done, the defendant fled down the street. Defendant argues that this was not sufficient evidence of probative value to support his convictions.

To support a verdict of guilty there must be substantial evidence of probative value on each element of the crime charged, *Streeval* v. *State,* (1968) 251 Ind. 349, 241 N.E.2d 255, *Leitner* v. *State,* (1967) 248 Ind. 381, 229 N.E.2d 459, but a conviction may be sustained by the uncorroborated testimony of a single witness, *Frith* v. *State,* (1975) 263 Ind. 100, 325 N.E.2d 186; *Jones* v. *State,* (1970) 253 Ind. 480, 255 N.E.2d 219; *Stalling* v. *State,* (1964) 246 Ind. 102, 203 N.E.2d 191. This Court will generally refuse to weigh the evidence or pass on the credibility of witnesses, *Frith* v. *State, supra, Young* v. *State,* (1971) 257 Ind. 173, 273 N.E.2d 285, but will look only to the evidence most favorable to the State, *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776, *Frith* v. *State, supra,* unless it appears that such evidence has only a scintilla of probative force, *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658; *Baker* v. *State,* (1956) 236 Ind. 55, 138 N.E.2d 641.

Although there are minor inconsistencies in McHenry's testimony, there is nothing which contradicts the significant aspects of the story he related. His testimony presents much more than a mere scintilla of evidence, evidence from which guilt could properly be inferred. There is, of course, no evidence that the defendant himself fired the fatal shots, but his participation in the crime with his companions provides sufficient evidence from which to infer that he was an accessory before the fact, Ind. Code § 35-1-29-1 (Burns 1975) ; *Jewell* v. *State,* (1974) 261 Ind. 665, 309 N.E.2d 441; *Cotton* v. *State,* (1965) 247 Ind. 56, 211 N.E.2d 158; *Cox* v. *State,* (1964) 246 Ind. 91, 201 N.E.2d 693.

Premeditated malice may be shown by evidence that the defendant deliberately used a deadly weapon in such a way as was likely to produce death, *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686, and in such a case, the purpose to kill may be inferred from the act of killing, *Taylor* v. *State,* (1973) 260 Ind. 264, 295 N.E.2d 600. Intent and malice may be inferred from the circumstances in evidence, *Aubrey* v. *State,* (1974) 261 Ind. 531, 307 N.E.2d 67; *Chatman* v. *State,* (1975) 263 Ind. 531, 334 N.E.2d 673.

We find no error, and the judgment of the trial court is, therefore, affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 364 N.E.2d 1016.