ROBERT L. WHITFIELD v. STATE OF INDIANA.

[No. 1176S403. Filed August 24, 1977.]

*John R. Kouris,* of Munster, for appellant.

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellee.

DeBRULER, J.—This is an appeal from a conviction of second degree murder, Ind. Code § 35-1-54-1 (Burns 1975), raising two issues:

(1) sufficiency of the evidence to support the verdict; and

(2) admissibility of a photograph of the decedent which appellant contends served only to inflame the passions of the jurors.

The State argues that each issue is waived because of insufficient specificity in appellant's motion to correct errors.

The decedent was shot in a Gary tavern on April 11, 1975. It was stipulated that his death resulted from this single gunshot wound. Juanita Gibbs, the owner of the tavern, testified

that while she was working that night an altercation arose among several patrons, one of whom produced a pistol. Appellant took this pistol from the patron and pointed it at Gibbs. He fired, narrowly missing her. The bullet passed through her hat and struck the decedent, who was a customer, in the face. Appellant denied this version, testifying that the pistol discharged while several people were struggling for possession of it, and that he was not involved in the struggle.

The State introduced its Exhibit A, a photograph of the decedent lying on the tavern floor, surrounded by a considerable amount of blood, after Juanita Gibbs testified that it accurately represented decedent's body after the shooting. The exhibit was displayed to the jury.

## I.

The State argues that appellant is barred from raising the issue of sufficiency of the evidence on appeal because of his failure to specify the alleged insufficiency in his motion to correct errors as required by Ind. R. Tr. P. 59(B). In *Collins and Hickland* v. *State*, (1977) 266 Ind. 430, 364 N.E.2d 750, we held, as the plain language of Ind. R. Tr. P. 50(A) provides, that the issue of sufficiency of the evidence may in criminal cases be raised for the first time on appeal. If complete omission of this issue from a motion to correct errors does not bar its consideration upon appeal, imperfectly specific inclusion in the motion will not do so either.

Appellant contends that the evidence of his guilt is insufficient to support the jury's verdict because the only direct evidence of his guilt is the testimony of Juanita Gibbs. Appellant urges us to find Mrs. Gibbs' testimony insufficient because it was contradicted by appellant and because it was "unsubstantiated," which appellant uses synonymously with "uncorroborated." Although there were numerous patrons in the bar at the time of the

shooting, none came forward to testify about it. This lack of corroboration could properly have been considered by the jury in assessing Mrs. Gibbs' credibility. But this Court has consistently refused to hold that the uncorroborated testimony of a single witness is necessarily insufficient to support a guilty verdict. *Frith* v. *State*, (1975) 263 Ind. 100, 325 N.E.2d 186; *Jaudon* v. *State*, (1970) 255 Ind. 114, 262 N.E.2d 851; *Jones* v. *State*, (1970) 253 Ind. 480, 255 N.E.2d 219. The evidence of appellant's guilt was not overwhelming; the jury was essentially faced with two conflicting accounts of the shooting, one of which would support a guilty verdict and the other a verdict of not guilty. Which account or parts of each account the jury will accept is a question of credibility, the resolution of which this Court will not disturb unless no reasonable person could reach such a result. *Beard* v. *State*, (1975) 262 Ind. 643, 323 N.E.2d 216. In this case reasonable minds could have reached either result, and the verdict will therefore be left undisturbed.

## II.

The State also argues that appellant's assignment concerning admission of the photograph in his motion to correct errors, "That the Court permitted an error of law in the conduct of the trial by allowing the admission of inadmissible evidence," was not sufficiently specific to preserve error in the admission of the photograph. Trial Rule 59(B) indeed requires that the "statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based." We agree that appellant's statement falls short of the requirement of the rule. We need not consider the effect of *Collins and Hickland, supra,* overruling *Finch* v. *State,* (1975) 264 Ind. 48, 338 N.E.2d 629, on the issue of the sanction for such vagueness.

State's Exhibit A, a photograph of decedent's body, is described above. Although we have in the record only a photo-

copy of the photograph, we concede that the exhibit is somewhat gruesome. Appellant's attack on its admission and display to the jury is that it served only to inflame the passions of the jury against appellant. Appellant reaches this conclusion by seeking to eliminate legitimate purposes for the picture's introduction. The cause of death was stipulated by the parties; no witness relied upon or referred to the exhibit, except to authenticate it. We disposed of a similar claim in *James* v. *State*, (1976) 265 Ind. 384, 354 N.E.2d 236, 239:

> "Here, as in *Patterson* [v. *State*, (1975) 263 Ind. 55, 324 N.E.2d 482] the photograph was 'relevant and competent . . . to assist the jurors in orienting themselves in and understanding other evidence.' Id. The photograph showed the identity of the victim, the location of the wound, and the position of her body. It was therefore useful to the jury notwithstanding the existence of verbal testimony on the same points."

Similarly, this photograph was of use to the jury despite the absence of reference to it in the testimony, and the trial court did not err in admitting it.

Conviction affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 173.