JOHN W. "BILL" GRAMM, JR. *v.* STATE OF INDIANA.

[No. 677S430. Filed June 14, 1978. Rehearing denied August 17, 1978.]

*Paul T. Cholis,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant was charged with the offense of rape, Ind. Code § 35-13-4-3 (Burns 1975) repealed October 1, 1977, tried by jury, found guilty and sentenced by the jury to a term of twenty-one years imprisonment. He raises three issues:

(1) propriety of an instruction on application of the principle of reasonable doubt;

(2) sufficiency of the evidence; and

(3) whether sentencing by the jury under the rape statute impermissibly chills his exercise of the right to be tried by jury.

## I.

Appellant's first contention concerns the propriety of State's Instruction No. 2 which reads as follows:

"You are instructed that the doctrine of reasonable doubt applies only to the ultimate question of defendant's guilt or innocence and the essential facts which establish it, and the mere fact that some subsidiary matters are but imperfectly proved does not make it the duty of the jury to acquit, if the ultimate question of the defendant's guilt is established beyond a reasonable doubt."

Appellant argued to the trial court that this instruction was erroneous in that it would have confused the jury and tended by import and suggestion to require the jurors to confine their deliberations to evidence relating to the material elements of the crime and to ignore evidence adduced in support of sub-

sidiary matters. His objection did not prevail and the instruction was given.

The State has relied flatly on the approval given this instruction by the Court of Appeals in *Hartwell* v. *State,* (1974) 162 Ind. App. 445, 321 N.E.2d 228. That court in turn relied on this Court's opinion in *Ringham* v. *State,* (1974) 261 Ind. 628, 308 N.E.2d 863, which approved of an instruction which informed the jury that "incidental or subsidiary facts" need not be proved by the evidence beyond a reasonable doubt. State's instruction No. 2 and Gramm's contention in this case are qualitatively different from those considered by the Court in *Ringham, supra,* and therefore total reliance on that case is not appropriate here.

The principle of law relied upon was stated in *Sharp* v. *State,* (1918) 188 Ind. 276, 123 N.E. 161:

"Subsidiary facts need not be proved beyond a reasonable doubt to justify a conviction; it is the facts essentially necessary to constitute the crime which must be so proved; *but a reasonable doubt may arise from a consideration of evidence adduced in support of subsidiary facts.*" (Emphasis added.) 188 Ind. at 281, 123 N.E. at 162.

In *Sharp,* the court had an instruction under consideration which provided in part:

"And by reasonable doubt is not meant a whim or captious or speculative doubt; it is properly termed a reasonable doubt as distinguished from an unreasonable or speculative doubt, and it must arise from all the evidence relating to some material fact or facts charged in the affidavit, and not spring from mere subsidiary evidence." 188 Ind. at 279, 123 N.E. at 162.

The instruction was declared defective because it erroneously told the jury that a reasonable doubt cannot spring from "mere subsidiary evidence." The court reasoned that the accused has the right to have the whole evidence considered by the jury in determining whether a doubt arises and the instruction impermissibly excluded a part of that evidence from jury consideration, namely, the evidence adduced in support

of subsidiary facts. The issue presented by appellant is whether State's Instruction No. 2 suffers from the same defect.

The overall purpose of State's Instruction No. 2 was to inform the jury that the prosecution bore no burden to prove subsidiary facts to their satisfaction beyond a reasonable doubt. Instructions of this general type are not erroneous. *Ringham* v. *State, supra.* Gramm contends here that this instruction went beyond any such legitimate purpose and carried with it an unlawful admonition to the jury that it should ignore some of the evidence presented in determining whether a reasonable doubt arose. In deciding this issue we have endeavored to place ourselves in the position of a juror so as to better understand appellant's complaint. Having done so and having considered the language of the instruction we cannot agree that the instruction was a misdirection in this regard.

State's Instruction No. 2 is a guide to the jury. It instructs the jury how to deal with the imperfectly proved subsidiary matter. It does not refer to the manner of considering the proof thereof deemed insufficient. That proof was characterized by the *Sharp* court as "the evidence adduced in support of subsidiary facts," and the *Sharp* instruction told the jury to ignore it. We find no reasonable likelihood that the jury would have understood this instruction as directing it to ignore or to give diminished effect to any part of the evidence presented for the purpose of determining whether a reasonable doubt exists. The instruction was not erroneous and would not have misled or misdirected the jury as contended.

II.

Gramm next challenged the sufficiency of evidence to support the jury verdict. In support of this claim he points out several inconsistencies and contradictions in the testimony of the alleged victim and the police officers. The main facts tending to establish guilt were given by the victim. On the day of

the offense she went to the house of a friend, John Fisher. She admitted drinking alcohol on this occasion and being tipsy. She left that place with Fisher and appellant in appellant's truck on a trip to Walkerton to buy drugs. After passing through Walkerton the truck was driven off onto a side road where Fisher sought to have sexual intercourse with her, but she successfully fought him off. Appellant then dragged her from the truck, threatened to injure her seriously, and then threw her down onto the gravel and dirt by the side of the truck, where on the ground he forced her to submit to intercourse. During the episode she sought to fight him off.

Officer Nagy of the St. Joseph County Police Department testified that while on patrol he came across the three in a truck which was blocking both sides of the road. He approached the truck and heard the woman screaming. He got her out of the truck and she was hysterical and crying. Upon being taken to a hospital, she was examined and found to be dirty with gravel type material between her breasts and imbedded in her buttocks. Upon her accusation appellant was arrested and charged with rape.

Appellant points out that the victim testified that the assault took place after passing through North Liberty and Walkerton while a police officer testified that the victim had pointed out a spot between North Liberty and Walkerton as the site of the assault. Conflicting evidence was given with regard to whether the police received a blood sample taken from the victim and with regard to whether a particular police officer was present during the signing of *Miranda* waivers. It was within the province of the jury to consider these incongruities in the prosecution's evidence. *Whitfield* v. *State*, (1977) 266 Ind. 629, 366 N.E.2d 173. This Court cannot weigh evidence. The evidence presented at trial and detailed above was sufficient to sustain the verdict on appeal and therefore the verdict cannot be set aside on the challenge made.

### III.

Relying on *United States* v. *Jackson,* (1968) 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, appellant contends his subjection to jury sentencing without benefit of pre-sentence investigation serves to chill or impermissibly burden the exercise of the right to trial by jury. In *Jackson* the United States Supreme Court struck down a portion of the federal anti-kidnapping law which provided the death penalty was authorized only if imposed by a jury. That court stated as the issue:

> "The question is not whether the chilling effect is 'incidental' rather than intentional; the question is whether that effect is unnecessary and therefore excessive." 390 U.S. at 582, 88 S.Ct. at 1216.

In *Chaffin* v. *Stynchcombe,* (1973) 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, the defendant, on retrial by jury following a reversal, was sentenced to a greater term than had been imposed by the first jury. The court held that jury sentencing is a legitimate practice and the possibility that a jury might assess a greater sentence on retrial did not chill the exercise of the right to appeal or make a collateral attack. The deterrent effect of that possibility existed but was constitutionally acceptable. In *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 227, we held that defendants found guilty and sentenced by jury without a pre-sentence investigation report being considered by the jury were not denied equal protection of the law. The withholding of such reports from the jury in making sentencing choices was found to be rationally based in inherent attributes of the jury trial and procedure. Upon that same basis, we find that the deterrent effect which may stem from the subjection to jury sentencing *sans* pre-sentence report, upon the exercise of the right to trial by jury is not unnecessary and therefore is not excessive.

The conviction is affirmed.

Givan, C.J., Hunter, Prentice, and Pivarnik, JJ., concur.

Note.—Reported at 376 N.E.2d 1120.