**Allen J. SHECKLES, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 879S239.

Supreme Court of Indiana.

Feb. 5, 1980.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis for appellee.

HUNTER, Justice.

The defendant, Allen J. Sheckles, was convicted by a jury of robbery, a class B felony, Ind. Code § 35–42–5–1 (Burns 1979 Repl.) and sentenced to fourteen years' imprisonment. The single issue he raises on appeal is whether there was sufficient evidence upon the issue of identification to support the jury's verdict.

The facts from the record most favorable to the state reveal that the Cinema Blue Theater in Ft. Wayne, Indiana, was robbed on the night of October 14, 1978. Beverly Lockhart was employed as a cashier on that night. She testified that around 10:00 p. m. she was sitting in a chair in the office when she saw the front doors of the theater open. A man came in pulling a ski mask down over his face. Mrs. Lockhart testified that she had a clear view of the man's face before he pulled the mask down. He was followed by a second man and they ran under the counter and into the office. The first man grabbed Mrs. Lockhart and pushed her up against the wall while the second man took the money from the cash drawer and a cabinet. Mrs. Lockhart saw that the man holding her had a gun. The men then left through the office door and locked it. Mrs. Lockhart positively identified defendant as the man she observed coming in the doors first. She further testified that she had seen defendant before the robbery and recognized him as someone she had seen on and off for eight years since he went to school with her brothers. After the robbery, Mrs. Lockhart called the projectionist to come downstairs and he called the police.

Defendant alleges that the uncorroborated testimony of the one eyewitness is not sufficient to sustain the conviction because of the inconsistencies and inaccuracies found within her testimony. Defendant points to such things as the fact that the witness did not testify to the correct arrangement of lighting fixtures in the theater lobby even though she had viewed the lobby a day or so before the trial, the fact that she could not give the color of the ski mask to the police immediately after the robbery or tell whether the man had used one hand or two to pull his ski mask down, and the fact that she first told police she heard rather than saw the theater doors open.

This Court has held many times that a conviction may be sustained by the uncorroborated testimony of one witness. *Williams v. State*, (1978) 267 Ind. 700, 373 N.E.2d 142; *Webb v. State*, (1977) 266 Ind. 554, 364 N.E.2d 1016; *Jones v. State*, (1970) 253 Ind. 480, 255 N.E.2d 219. The lack of corroboration and the inconsistencies and inaccuracies could have been considered by the jury in assessing Mrs. Lockhart's credibility.

But this Court on review for the sufficiency of the evidence will not weigh the evidence or pass on the credibility of witnesses. We will look only to the evidence most favorable to the state together with all reasonable and logical inferences to be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value supporting the jury's verdict. *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Grigsby v. State*, (1978) 267 Ind. 465, 371 N.E.2d 384; *Daniels v. State*, (1976) 264 Ind. 490, 346 N.E.2d 566; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776. In the instant case, the witness made an unequivocal identification of the defendant and remained

firm in this identification under thorough cross-examination. Even though the moment of seeing the defendant during the robbery was brief, her identification was supported since she recognized him as someone she had seen several times previously. This was substantial evidence of probative value to support the jury's verdict.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.