**Mark LAMAR, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 82S00-8610-CR-916.

Supreme Court of Indiana.

Nov. 20, 1987.

William C. Welborn, Welborn Law Offices, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for the crime of Attempted Murder, a Class A felony, for which he received a thirty-nine (39) year sentence.

The facts are: Between 7:30 and 8:00 p.m., on September 19, 1985, appellant arrived at the mobile home of the victim, William Cook. Cook and appellant had been friends for approximately sixteen years. Cook was in the business of selling marijuana and had sold marijuana to appellant on several occasions. Cook, however, had informed appellant he was going out of the business and leaving town. Appellant was aware of the fact that Cook had between $19,000 and $20,000 in a sack in the dresser drawer where he kept his marijuana.

Shortly after appellant arrived at the trailer, Cook mentioned to him that he was about out of marijuana and would not have anymore to sell but that he would let appellant have some of his own supply. At the time, Cook knew appellant usually carried a gun; however, he did not see one. He stated that it did not concern him that appellant carried a gun because they were friends, and he did not think appellant would harm him. When appellant indicated he would like to have some marijuana, the two men proceeded to the bedroom portion of the trailer. When Cook opened the dresser drawer, appellant was standing directly behind him.

Cook removed the sack of marijuana and held it out toward appellant, and appellant asked him if the other sack in the drawer was the sack of money. When Cook answered that it was, he suddenly became unconscious. When he awoke, he was on the floor bleeding profusely and appellant was gone. The money was also gone; however, the marijuana was still there. Cook estimated that he was unconscious for ten to fifteen minutes.

When he awoke, he could barely make his way to the telephone. He could not remember the telephone numbers of his relatives, but he dialed the operator who connected him with the police department. He was able to give them his name and address and tell them he was seriously injured. He opened the trailer door but passed out just as the police arrived.

A bullet had entered appellant's head behind the ear and had lodged in back of his eye causing partial paralysis of his face. The bullet was in such a position that surgeons felt it was too risky to attempt removal.

Other residents of the trailer court observed appellant's arrival at Cook's trailer and observed his departure approximately twenty to twenty-five minutes before the ambulance arrived. Other witnesses placed appellant's departure as much as forty-five to fifty-five minutes before the ambulance arrived.

■ Appellant claims the trial court erred in overruling his objection to the following questions: "All right, when did you have complete recall of the events of that evening? What day was the first day that everything fell into place in your mind?" Appellant objected to the questions on the ground that a person could not know when complete recall returned. The victim had been very critically injured and was in the hospital approximately four days before he began to remember the events that had transpired prior to his injury. The questions did not presume an answer from Cook, but he was permitted to answer as to what he did remember of the occurrence.

His testimony was lengthy and very lucid, indicating that he did in fact have virtually complete recall of the events leading up to the shooting. However, his recollection of the events following the shooting were somewhat hazy. It was well within the province of the jury to draw upon their own experiences in life to determine the plausibility of Cook's description of the events of that evening. We see nothing objectionable about the question that was posed.

■ Appellant claims the trial court erred in overruling his motion for judgment on the evidence. He recognizes that this Court will not weigh the evidence, citing *Kimmel v. State* (1981), 275 Ind. 575, 418 N.E.2d 1152. However, he claims that there was insufficient evidence to prove that appellant was guilty of the crime charged, citing *Whitfield v. State* (1977), 266 Ind. 629, 366 N.E.2d 173. We first point out that upon receiving an unfavorable ruling on his motion for judgment on the evidence appellant proceeded to submit evidence in his own behalf. In doing so, he waived the ruling on the motion. *Buck v. State* (1983), Ind., 453 N.E.2d 993. However, appellant proceeds to argue the sufficiency of the evidence to support the verdict of the jury; therefore, we will address the argument in that regard.

■ Appellant's argument revolves around the time sequence of events. He claims that given the time of his arrival at Cook's trailer, between 7:30 and 8:00 p.m., and Cook's statement that he remained there for fifteen or twenty minutes, along with the fact that the ambulance was dispatched at 8:43 p.m., indicates there was ample time for someone else to enter the trailer and shoot Cook. Appellant claims given this time frame that he would have been gone from the trailer by the time Cook was shot. He contends that due to the seriousness of Cook's injuries he would have been dead by the time the ambulance arrived had he been shot at the time appellant was in the trailer. This is speculation which could be presented to a jury; however, the jury was entirely within its province to determine that the time frame established by the evidence was consistent with appellant's arrival and departure from the trailer and the injuries sustained by Cook.

The evidence was clear and uncontradicted that at the time Cook passed out, appellant was standing directly behind him and had just asked him if the sack in the drawer contained the money. Although Cook could not testify that it was appellant who shot him, the circumstances described in his testimony clearly give rise to that implication. The evidence in this case is sufficient to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.