**Jerry THOMPSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 47A04–9201–CR–21.

Court of Appeals of Indiana,
Fourth District.

April 28, 1993.
Rehearing Denied June 11, 1993.

John C. Haury, Bedford, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Jerry Thompson appeals his conviction on one count of Child Molesting, a class C felony and one count of Child Molesting, a class D felony.[1] IND.CODE 35–42–4–3.

We reverse and remand for a new trial.

Thompson raises eight issues in his appellate brief. Because we reverse, we address only the following restated issues:

1. whether the trial court committed reversible error when it allowed admission of evidence of prior sexual misconduct;

2. whether the evidence relating to the offenses charged was sufficient to sustain the convictions; and

3. whether the evidence relating to the date of the offenses was sufficient to establish the offenses occurred within the period of the statute of limitations.

Thompson, a former teacher and school principal, was charged and convicted of two counts of child molesting because he fondled the buttocks and genitals of a seventh grade boy and also placed his penis in the boy's anus. At trial, the State presented evidence through testimony by the prosecuting witness herein and twelve other witnesses. Most of the witnesses testified regarding unrelated acts of sexual misconduct involving other male students.

Thompson contends the trial court committed reversible error when it admitted the testimony pertaining to unrelated acts of sexual misconduct. Thompson objected to the disputed evidence at trial. He also specifically argued on appeal that the exception used by the trial court to justify

---

1. The parties in their briefs denominate the trial court as the "Lawrence County Circuit Court." There is no such court. There is the "Lawrence Circuit Court" (*see* IC 33–4–1–47 and IC 33–4–4– 2), and there is the "Lawrence County Court" (*see* IC 33–10.5–1–4). We judicially know the two courts have not been combined by the legislature.

admission of these acts should be abolished.

■ Defense counsel's objection to the admission of evidence of unrelated sexual misconduct was overruled because at the time of trial such evidence was considered admissible under the "depraved sexual instinct exception" to the general rule precluding the admission of evidence of unrelated criminal conduct. *See Miller v. State* (1991), Ind., 575 N.E.2d 272, 276. However, our supreme court decided *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, after Thompson's trial but while this appeal was pending. In *Lannan*, the court abolished the depraved sexual instinct exception to the general rule and adopted the position of Fed.R.Evid. 404(b).[2] 600 N.E.2d at 1339. In so doing, it observed the abandonment of the exception did not mean evidence of prior sexual misconduct will never be admitted in sex crime prosecutions, but such evidence "will no longer be admitted to show action in conformity with a particular character trait." *Id.*

The applicability of *Lannan* to cases pending on appeal (such as this case) was somewhat unclear from the wording of the case. *See Vanover v. State* (1992), Ind. App., 605 N.E.2d 218, *reh. denied.* However, the question was specifically addressed in *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342, wherein the supreme court held "[i]nasmuch as Pirnat's appeal is currently pending as this new [Lannan] rule is announced, the rule of *Lannan* should be applied to his case." All doubt was erased when the court held in response to the State's petition for rehearing on *Pirnat* that:

> Pirnat and others whose cases properly preserved the issue and whose cases were pending on direct appeal at the time *Lannan* was decided receive the benefit of review under the new rule for the basic reason that they ought not be penalized merely because we chose another pending case as the vehicle for announcing the change of an evidentiary rule.

*Pirnat v. State* (1993), Ind., 607 N.E.2d 973.

As a direct result of the *Lannan* and *Pirnat* decisions, this court was constrained to reverse child molesting convictions and order new trials in *Sink v. State* (1993), Ind.App., 605 N.E.2d 270, *Vanover, supra,* and *Moran v. State* (1992), Ind. App., 604 N.E.2d 1258, *reh. denied.* Today, we add this case to the list.

In *Lannan*, the court noted that Rule 404(b) states evidence of unrelated crimes, wrongs, or acts may be admissible for other purposes expressly stated in the rule.[3] 600 N.E.2d at 1341. However, as the rule also states, such evidence is not admissible "to prove the character of a person in order to show action in conformity therewith." In *Sink, supra,* this court noted the exceptions found in Rule 404(b) are not available to the State on appeal when the evidence submitted below was offered and admitted for the sole purpose of showing conformity with a particular character trait and the jury was instructed to consider the evidence for that prohibited purpose. 605 N.E.2d at 271.[4]

---

**2.** Fed.R.Evid. 404(b) reads:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**3.** See footnote one for a list of the exceptions to the general rule under Rule 404(b).

**4.** *Sink* is consistent with language adopted by the Supreme Court in *Lannan* from the dissenting opinion in *Kerlin v. State* (1970), 255 Ind. 420, 265 N.E.2d 22. In the portion of the *Kerlin* dissent quoted in *Lannan*, Justice DeBruler stated:

There was no connection between the [prior acts] and the offense being tried. This testimony was not offered as bearing on an issue such as motive, intent, identity; nor could it evince any common scheme or plan, etc. This evidence was offered for the purpose of showing the appellant's character was bad and that he had a tendency to commit acts of sodomy. As such it was inadmissible. *Evidence of other offenses cannot be admitted merely in an attempt to show some predisposi-*

In the present case, the reason for admission of the evidence is illustrated by the following interplay between defense counsel, the prosecutor, and the trial court pertaining to the testimony of the State's first witness:

> **TUCKER [defense counsel]:** Your Honor, at this time, the defendant objects to the question as asked and the expected answer, the questioning is not relevant to the crimes charged. The exception, depraved sexual instinct, is an exception that should not be considered by the court, that particular legal dinosaur which makes it so difficult for a defendant to defend one of these cases should not be considered by the court and not allowed in this particular trial ...
>
> **CALLAHAN [prosecutor]:** Well, Your Honor, this, it is an established, it is established case law that prior sexual acts are admissible in a prosecution for child molesting ...
>
> **COURT:** I understand the objection and I will overrule the objection and allow the testimony under the depraved sexual instinct rule.
>
> \* \* \* \* \* \*
>
> **COURT:** The court will show it [defense's objection] as a continuing objection to this line of testimony with this witness and with any similar testimony.

(R. 2019–2024).

In accordance with the "depraved sexual instinct exception", the trial court instructed the jury:

> Evidence has been introduced that the defendant was involved in criminal acts other than that charged in the information. The evidence has been received solely on the issue of the defendant's depraved sexual instinct. This evidence is to be considered by you for the limited purpose of determining whether the defendant has a depraved sexual instinct. Such evidence does not constitute direct evidence of the crime charged. However, *evidence of past acts involving or showing a depraved sexual instinct may be considered by you in determining whether the defendant possessed the instinct to commit the crime charged.*
>
> Evidence of acts of child molestation may be considered by· you as showing depraved sexual instinct. (Emphasis supplied).

(R. 2742–2743).

The evidence of multiple uncharged acts of sexual misconduct was admitted in the present case for the purpose of showing Thompson's predilection to commit sexually depraved acts. Furthermore, the jury was instructed to consider such acts as evidence of a depraved sexual instinct. Accordingly, the evidence was considered by the jury for the prohibited purpose of establishing conformity with a particular character trait. In light of *Lannan, Sink,* and the language of Rule 404(b), the trial court erred in admitting the disputed evidence.[5]

The question remains, however, as to whether the trial court's error requires reversal of Thompson's convictions. In determining whether the introduction of evidence warrants reversal, "we must assess the probable impact of the evidence upon the jury." *Lannan,* 600 N.E.2d at 1341. Ordinarily, evidence of uncharged sexual misconduct "could be said to have a major impact on a jury." *Id.*[6]

---

tion of the accused to commit criminal acts or to establish some likelihood that he might do so.
*Kerlin,* 255 Ind. at 427, 265 N.E.2d at 26 (as emphasized in *Lannan,* 600 N.E.2d at 1339).

**5.** We note the evidence of remote acts of sexual misconduct at issue here is not admissible under any of the Rule 404(b) exceptions. Such evidence is only admissible under the depraved sexual instinct exception abolished by our supreme court in *Lannan.*

**6.** In his exhaustive work on the subject of uncharged misconduct evidence, Professor Imwinkelried notes:

> Experienced trial attorneys know that the judge's ruling on the admission of uncharged misconduct can be the turning point in a trial. Uncharged misconduct evidence "will usually sink the defense without (a) trace." Some veteran defense attorneys shape their entire trial strategy to avoid the admission of uncharged misconduct.
>
> The available research data confirms this belief. Studies by the London School of Economics indicate that the admission of a defen-

The evidence of uncharged misconduct in the present case, consisting of evidence of uncharged molestations and attempted seductions of other male students, as well as of other molestations of the prosecuting witness, exceeds the evidence admitted in *Sink* (evidence of three uncharged acts of molestation of victim), *Vanover* (evidence of prior incidents with victim and mother), and *Moran* (evidence of uncharged act of exhibition of genitals to victim and friend). The length and breadth of the evidence undoubtedly had a major impact upon the jury and certainly colored everything heard from the prosecuting witness. The evidence conveyed to the jury that the man on trial for the molestation of the prosecuting witness was a "bad" man who should be punished whether or not the prosecuting witness's testimony was believable.

 Thompson also contends the testimony of the prosecuting witness was insufficient to support a jury verdict of child molesting.[7] He asserts the prosecuting witness's testimony was so riddled with inconsistencies as to be totally unbelievable.

The prosecuting witness, a minor at the time of the offenses, testified that sometime during the second semester of his second attempt to pass seventh grade, he was in the teacher's lounge with Thompson and a school custodian looking at magazines depicting nude men. Thompson "grabbed" the prosecuting witness's genitals, unzipped his pants, and led him around the room. Thompson eventually pulled the prosecuting witness's pants down and bent him over a table. Thompson then inserted his penis into the prosecuting witness's anus.

The prosecuting witness's testimony before the grand jury was inconsistent in some areas with his trial testimony. Thompson bases his contention of insufficiency of the evidence upon these inconsistencies.

 The uncorroborated testimony of even one witness is sufficient to support a conviction. *Greenlee v. State* (1984), Ind., 463 N.E.2d 1096, 1097. This is true even though the witness in question is the victim. *Lamb v. State* (1984), Ind., 462 N.E.2d 1025, 1028. Such testimony need not be unequivocal. *Johnson v. State* (1982), Ind., 432 N.E.2d 1358, 1361. In fact, it may even be inconsistent with prior assertions. *Gramm v. State* (1978), 268 Ind. 492, 376 N.E.2d 1120, 1122. The evidence is sufficient even if an initial statement is substantially less positive than the subsequent testimony. *Zollatz v. State* (1980), 274 Ind. 550, 412 N.E.2d 1200, 1202. The evidence need only be sufficient to convince the jury. *Dillon v. State* (1981), Ind., 422 N.E.2d 1188, 1190. A reviewing court will not weigh the evidence or judge the credibility of witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672.

In the present case, the testimony of the prosecuting witness is sufficient, if believed by the jury, to support a jury finding of guilt. The inconsistencies merely go to weight and credibility, determinations to be made by the jury on retrial. Thus, this cause can be remanded for retrial without offending the protections afforded by the

---

dant's uncharged misconduct significantly increases the likelihood of a jury finding of liability or guilt. The Chicago Jury Project reached the same conclusion. The Chicago researchers concluded that as a practical matter, the presumption of innocence operates only for defendants without prior criminal records. Evidence of uncharged misconduct strips the defendant of the presumption of innocence. If the judge admits a defendant's uncharged misconduct and the jury thereby learns of the record, the jury will probably use a "different ... calculus of probabilities" in deciding whether to convict. The uncharged misconduct stigmatizes the defendant and predisposes the jury to find him liable or guilty. (Citations omitted).
EDWARD J. IMWINKELRIED, UNCHARGED MISCONDUCT EVIDENCE § 1:02 at 4 (1984–1991).

7. We must address this issue because double jeopardy attaches if a conviction is reversed because of insufficient evidence. "Retrial is barred in these cases because 'the government's case [is] so lacking that it should not have even been *submitted* to the jury.'" *State v. Keel* (1987), Ind.App., 512 N.E.2d 420, 424 (*quoting Burks v. United States* (1978), 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1).

double jeopardy clause. *See Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237.

Thompson also contends there was insufficient evidence to prove the offenses occurred within the period of the statute of limitations. In support of his contention, he notes the State's failure to respond to his notice of alibi.

■■■ The State need not respond to an alibi notice if it intends to prove the time or place alleged in the charging instrument. *McNeely v. State* (1988), Ind.App., 529 N.E.2d 1317, 1321. In the event the State does not respond to the notice, "only evidence consistent with the date and time set forth in the indictment or information" may be introduced. *Id.* at 1321–1322; *Vail v. State* (1989), Ind.App., 536 N.E.2d 302, 303. "Moreover, the alibi statute requires that the State set forth the date of the offense charged only with such reasonable specificity as the circumstances of the case allow." *McNeely*, 529 N.E.2d at 1322.

■■ Prosecutions for class C and D felonies must be commenced within five years after commission of the felonies. IC 35–41–4–2(a)(1). The charges in the present case were filed on November 26, 1990. The indictment alleged the offenses occurred in December of 1985 or Spring of 1986, a period of time within the statute.

The prosecuting witness testified at trial that the offenses occurred in the second semester of his second attempt to pass seventh grade, a period corresponding with the years alleged in the indictment. The prosecuting witness was hampered in setting forth the date of the offenses with greater specificity because nearly five years had elapsed since their occurrence. The period set forth by the State was reasonably specific under the circumstances.

■■ The standard of review for the sufficiency of the evidence on statute of limitations issues is similar to that for proof of the offense itself. *See, Bennett v. State* (1975), 167 Ind.App. 227, 338 N.E.2d 294, 296. Thus, sufficiency can be established by the testimony of one witness. The prosecuting witness's testimony was sufficient to establish the offenses oc-

curred within the five year statutory period.

Reversed and remanded for a new trial.

MILLER and GARRARD, JJ., concur.