Daniel K. WILLIAMS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 87A04–9606–CR–215.

Court of Appeals of Indiana.

March 18, 1997.

Frank R. Hahn, Newburgh, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Defendant–Appellant Daniel Williams appeals his conviction on two counts of Intimidation, as a Class A misdemeanor [1] and as a Class D felony.[2]

We reverse and remand for a new trial.

### *ISSUES*

Williams raises four issues for our review, which we consolidate and restate as follows:

 1. Whether the charging information was sufficient to inform Williams of the

---

**1.** Ind.Code 35–45–2–1(a).

**2.** Ind.Code 35–45–2–1(b).

particular offenses alleged and specific enough to allow him to prepare a defense in a subsequent prosecution.

2. Whether the trial court erred in admitting exhibits which listed other crimes, wrongs, and acts.

3. Whether the evidence was sufficient to establish the elements of the offense of Intimidation.

## FACTS AND PROCEDURAL HISTORY

On December 27, 1994, Williams was charged with four separate offenses relating to an incident that occurred on December 11, 1994. Williams was on probation at the time the alleged offenses occurred, and a petition to revoke his probation was filed on July 12, 1995.

Eric Miley witnessed the alleged offenses. Miley spoke to the police, gave a written statement, and was listed as a State's witness. In his statement, he alleged that Williams drew a handgun during an argument with a fellow pool hall patron. In April of 1995, Williams twice approached Miley about his future testimony against Williams. The first time, Williams told Miley outside the pool hall that "[you] better not testify against [me]." The second time, Williams called Miley over to his car as Miley was walking by. He told Miley that "[you] better not testify against [me] or [I will] personally put [you] in [your] grave."

Williams was charged with two separate counts of Intimidation. The charging information, in pertinent part, stated:

### Count 1

The undersigned, being duly sworn upon his oath, says that on or about April 1, 1995 through April 7, 1995, in the parking lot of Fisher Brothers Lumber Company, Inc.... Daniel K. Williams did communicate a threat to commit a forcible felony to Eric Miley, a witness in a criminal proceeding, to wit: State of Indiana v. Daniel K. Williams pending in the Warrick Superior Court No. 1 in Warrick County, State

of Indiana, under Cause No. 87D01–9412–CF–150 and/or a Petition for Revocation in State of Indiana v. Daniel K. Williams pending in the Warrick Circuit Court in Warrick County, State of Indiana, under Cause No. 87C01–9104–CF–44, with the intent that Eric Miley engage in conduct against his will, to wit: refrain from testifying in said pending criminal proceedings, contrary to the form of the statutes in such cases made and provided by I.C. 35–45–2–1 and against the peace and dignity of the State of Indiana.

### Count 2

The undersigned, being duly sworn upon his oath, says that on or about April 17, 1995 through April 21, 1995, in front of the Chandler pool hall located in the Town of Chandler, in Warrick County, State of Indiana, Daniel K. Williams did communicate a threat to commit a forcible felony to Eric Miley, a witness in [the actions recited in Count 1], with the intent that Eric Miley engage in conduct against his will, to wit: refrain from testifying in said pending criminal proceedings, contrary to the form of the statutes in such cases made and provided by I.C. 35–45–2–1 and against the peace and dignity of the State of Indiana. (R. 85–86).[3]

A jury trial was held on the charges. The jury found Williams guilty as charged and the trial court entered judgment thereon. Williams now appeals.

## DISCUSSION AND DECISION

### I. ADEQUACY OF THE INFORMATION

 Williams filed a pre-trial motion to dismiss both counts of the information, asserting that the information was insufficient under Article 1, § 13 of the Indiana Constitution, Ind.Code 35–34–1–2(a), and the 6th and 14th amendments to the United States Constitution. Williams renewed the motion at trial. Both motions were denied. Williams now raises the issue of the sufficiency of the information for our review. He notes that

---

3. At the close of Williams's case, the State requested that the information be amended to conform to the evidence. The trial court allowed the amendment over Williams's objection. The

amended information stated that both incidents took place in April, 1995, and that the incident at Fisher Brothers Lumber Company occurred after the pool hall incident.

the information did not specify the content of the alleged threats or the nature of the threatened forcible felonies. He contends that this lack of specificity resulted in a failure to inform him of the particular offense charged or to allow him to plead acquittal or conviction in a subsequent prosecution for the same offense. He further contends that this lack of specificity made it impossible for him to anticipate the evidence against him and to prepare a defense. The constitutions of Indiana and the United States both require that an accused be informed of the nature and cause of the accusation against him. *Miller v. State*, 634 N.E.2d 57, 60 (Ind.Ct.App.1994). Furthermore, Ind.Code 35–34–1–2(a)(4) requires that the information be in writing and allege the commission of an offense by "[s]etting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition." The information should state the offense in either the language of the statute or in words that convey a similar meaning. *Miller*, 634 N.E.2d at 60. The purpose of an information is to advise the accused of the particular offense charged so that he can prepare a defense. *Cash v. State*, 557 N.E.2d 1023, 1025 (Ind.1990). Absence of detail in an information is fatal only if the accused is misled or deprived of notice of the charges. *Kerlin v. State*, 573 N.E.2d 445, 448 (Ind.Ct.App.1991), *reh'g. denied, trans. denied.*

■ In the present case, both counts alleged the commission of the offense of Intimidation as a Class D felony. Ind.Code 35–45–2–1(a) states that the offense of Intimidation occurs as a Class A misdemeanor when a person communicates a threat to another person with the intent that (1) the other person engage in conduct against his will, or (2) the other person be placed in fear of retaliation for a prior lawful act. Ind. Code 35–45–2–1(b) provides that the offense is a Class D felony if the threat is to commit a forcible felony. The information at issue specified the approximate dates of the offenses, the fact that the threats were made, the person to whom the threats were made, the location where the threats were made, the intent of the threats, the fact that the threats were to commit a forcible felony, and the conduct which was sought to be controlled by the threats. The information informed Williams of the nature of offenses and causes thereof; it also informed him of the nature and elements of the offenses in plain and understandable language. Furthermore, the information was sufficient to allow Williams to plead the convictions in the event of a later prosecution for the same offenses. The information was both constitutionally and statutorily sufficient.[4]

## II. ADMISSION OF EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS

In its case in chief, the State sought to show that Williams committed the offense of *Intimidation* when he threatened to do harm to Miley if Miley testified against him. In so doing, the State offered three exhibits: (1) informations charging Williams with Criminal Recklessness with a Deadly Weapon, Carrying a Handgun Without a License, Possession of a Handgun Within 1000 Feet of a School, and Possession of a Handgun after a Felony Conviction in the pool hall incident (hereinafter referred to as State's Exhibit 1), (2) an "Amended Petition For Revocation Of Probation" (hereinafter referred to as State's Exhibit 2), and (3) a written statement submitted by Miley outlining the act of Criminal Recklessness which he allegedly witnessed (hereinafter referred to as State's Exhibit 3). Exhibits 1 and 2 contained references to other crimes, wrongs, or acts. All three exhibits were admitted over Williams's objection.

---

4. Even if we found the information was lacking in specificity, we still would not reverse because Williams was not prejudiced thereby. The probable cause affidavit attached to the information, which specifically identified the content of the threats, was sufficient to prevent any prejudice to Williams. *See Clemens v. State*, 610 N.E.2d 236, 244 (Ind.1993) (holding that no prejudice occurred when the probable cause affidavit, but not the information, apprised the accused of the means and manner of death); *Patterson v. State*, 495 N.E.2d 714, 719 (Ind.1986) (holding that the accused was sufficiently apprised of the charges against him by the probable cause affidavit supporting the information).

Williams contends that the trial court erred in admitting the exhibits because they listed charged and uncharged extrinsic offenses. Williams argues that the exhibits were inadmissible under Indiana Rules of Evidence 401, 402, 403, and 404. Specifically, he argues that Exhibit 1 was inadmissible because it listed offenses which were irrelevant to the intimidation of Miley and details of offenses, including a prior Burglary conviction, which tended only to prove his bad character and action in conformity therewith. He argues that Exhibit 2 was inadmissible because it described completely unrelated charges of Criminal Recklessness, Sexual Misconduct with a Minor, Resisting Law Enforcement, and Possession of a Controlled Substance. He argues that Exhibit 3 was inadmissible because it needlessly alluded to the details of the offense which Miley allegedly witnessed.

The State contends that the exhibits were not admitted for the improper purpose of showing Williams's bad character, but for the proper purpose under Evid.R. 404(b) of showing Williams's intent and motive to commit the offense of Intimidation. Specifically, the State argues that:

> The record shows that this evidence was not admitted for an improper purpose but because it connected Williams to the charged offenses. Williams was charged with threatening Miley to keep him from testifying against Williams in the State's case against Williams under Cause No. 87D01–9412–CF–150, the criminal recklessness charge, and the probation revocation proceeding under Cause No. 87C01–9104–CF–44. In order to prove its case, the State had to show, in addition to the elements of the crime, that: 1) Williams was a defendant in both cases; and 2) Miley was a witness that could testify in both cases.

Appellee's brief at 9.

The admission of evidence of "other crimes, wrongs, or acts" is governed by Evid.R. 404(b). The rule prohibits the admission of such evidence "to prove the character of a person in order to show action in conformity therewith." The rule allows, but does not mandate, admission of such evidence to show "proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

The question of admissibility of evidence under Evid.R. 404(b) presumes that the offered evidence is relevant. Admission is limited, however, by concerns pertaining to the use of the evidence by the trier of fact. One concern is that the admission of evidence of other crimes, wrongs, or acts will cause the jury to convict the defendant for what he is, rather than for what he has done. *Swain v. State*, 647 N.E.2d 23, 24 (Ind.Ct.App.1995), *trans. denied*, (citing 12 MILLER, INDIANA EVIDENCE, (1994 Supplement), § 404.200 at 187). An additional concern is that the admission of evidence of criminal activity beyond that specifically charged will "intolerably enlarge" the burden on the defense and "effectively negate" the due process presumption of innocence accorded to every defendant. *Hardin v. State*, 611 N.E.2d 123, 128 (Ind.1993). Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403.

Of course, not all evidence of other crimes, wrongs, or acts is relevant. Evidence is relevant only if it has "a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Tompkins v. State*, 669 N.E.2d 394, 396 (Ind.1996) (quoting Evid.R. 401). Evidence which is irrelevant is inadmissible. Evid.R. 402.

■ Exhibits 1 and 3 are relevant to the prosecution of Williams for Intimidation to show intent and motive. Exhibit 1, containing the informations showing that Williams was charged with offenses which Miley witnessed, makes the fact of the threat more probable. Exhibit 3, which outlines the nature of the offense witnessed by Miley in his own words, also tends to make the threat more probable. Taken together, the exhibits establish that Miley witnessed the commission of an offense by Williams and Williams was later charged for commission of the of-

fense. This connection between Williams and Miley makes it more likely that Williams would threaten Miley.

The question remains, however, as to whether the value of the exhibits was "substantially outweighed" by any of the factors set forth in Evid.R. 403. In determining whether the admission of the evidence requires reversal under Evid.R. 403, we are mindful that a trial court is accorded a great deal of deference. *Tompkins,* 669 N.E.2d at 398. Accordingly, we will reverse only upon a showing of an abuse of discretion. *Id.*

■ In the present case, the State could have established the existence of a charge related to the incident witnessed by Miley through the testimony of an officer or the county clerk. The admission of Exhibit 1, containing four specific informations and a reference to a previous conviction, was blatant overkill.[5] The informations served to focus the attention of the jury upon the other offenses rather than the offense for which he was charged. This change of focus confused the issues and misled the jury. Its admission was an abuse of discretion.

■ The admission of Exhibit 3, on the other hand, was not prohibited by Evid.R. 403. The admission of the details of the offense committed in Miley's presence served to properly show the jury that the offenses occurred and that they were sufficiently serious to motivate Williams to intimidate Miley. The details also served to show why Miley would be intimidated. Miley's statement illustrated that Williams was a quick-tempered man with access to a handgun.

■ Exhibit 2, containing the petition to revoke Williams's probation, was arguably relevant to his prosecution for intimidation of Miley. The descriptions of the extrinsic offenses listed in the petition, however, were

clearly irrelevant, and their improper impact upon the jury is self-evident. It was error to admit Exhibit 2 without redaction of the references to the irrelevant extrinsic offenses.

■ Our consideration of this issue does not end with a determination that the trial court erred. We must determine whether the errors mandate reversal of Williams's convictions. In determining whether the erroneous admission of evidence warrants reversal, "we must assess the probable impact of the evidence upon the jury." *Lannan v. State,* 600 N.E.2d 1334, 1341 (Ind.1992); *Thompson v. State,* 612 N.E.2d 1094, 1097 (Ind.Ct.App.1993), *reh'g. denied, trans. denied.* The evidence of extrinsic offenses admitted in the present case was substantial. The jury was presented with evidence that Williams had been accused or convicted of at least eight other offenses, including Sexual Misconduct with a Minor. This evidence undoubtedly focused the jury's attention on Williams's character rather than the conduct for which he was being prosecuted.[6] The erroneous admission of this evidence warrants reversal of Williams's convictions.

## III. SUFFICIENCY OF THE EVIDENCE

■ Williams contends that the State failed to present sufficient evidence to support his conviction upon Count I, wherein the State alleged that Williams approached Miley and stated that "you better not testify against me." Specifically, Williams contends that the State failed to establish his intent to intimidate and Miley's intent to testify. We must address this issue because double jeopardy attaches, and retrial is barred, if a conviction is reversed because of insufficient evidence. *Thompson v. State,* 612 N.E.2d at 1098, n. 7 (citing *State v. Keel,* 512 N.E.2d 420, 424 (Ind.Ct.App.1987)).[7]

---

5. The information charging Williams with Possession of a Handgun after a Felony Conviction made reference to a prior conviction for Burglary.

6. Evidence of extrinsic offenses "will usually sink the defense without [a] trace." *Thompson,* 612 N.E.2d at 1097–98, n. 6 (quoting EDWARD J.

IMWINKELRIED, UNCHARGED MISCONDUCT EVIDENCE § 1:02 at 4 (1984–1991)).

7. "Retrial is barred in these cases because the 'government's case [i]s so lacking that it should not have even been *submitted* to the jury.'" *Keel,* 512 N.E.2d at 424 (quoting *Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978)). (Emphasis in original).

Our standard of review for sufficiency challenges is well-settled. In reviewing claims of insufficient evidence, we neither weigh the evidence nor judge the credibility of witnesses, but look only to the actual evidence and the reasonable inferences therefrom which support the verdict. *Elmore v. State,* 657 N.E.2d 1216, 1219 (Ind. 1995) (citing *Hazzard v. State,* 642 N.E.2d 1368, 1369 (Ind.1994)). If from that perspective there was evidence of probative value from which a reasonable trier of fact could have concluded that appellant was guilty beyond a reasonable doubt, the conviction should be affirmed. *Id.* at 1219.

■■■ In order to secure a conviction of Intimidation as a Class A misdemeanor, the State must prove that the defendant: (1) communicated a threat, (2) to another person, (3) with intent that the other person engage in conduct against his will. *Sayles v. State,* 513 N.E.2d 183, 186 (Ind.Ct.App.1987), *reh'g. denied, trans. denied.* Whether a person operated with the requisite intent to force another to engage in conduct against his will depends on the facts and circumstances of the case. *Owens v. State,* 659 N.E.2d 466, 474 (Ind.1995), *reh'g. denied.* The question is one of fact for the jury to decide. *Id.*

In the present case, the State presented evidence that Williams approached Miley and warned him that he better not testify. It can be inferred from this evidence that Williams's statement was a threat intended to convince Miley to engage in conduct against his will, i.e. refrain from testifying because of the possibility that Williams would cause something "bad" to happen if the testimony was given. It can further be inferred that Miley was to be a willing witness in a future prosecution from the fact that (1) Miley gave a voluntary statement concerning Williams's criminal activity, (2) Miley was listed as a witness on the information. The evidence was sufficient to allow the jury to conclude that Williams was guilty of Intimidation. Thus, this cause can be remanded for retrial without violation of the protections afforded by the double jeopardy clause. *See Thompson,* 612 N.E.2d at 1098-99 (citing

*Chandler v. State,* 581 N.E.2d 1233, 1237 (Ind.1991)).

## CONCLUSION

The charging information was sufficient to inform Williams of the particular offenses alleged and to allow him to plead the conviction in a later prosecution for the same offenses. The trial court committed reversible error, however, in admitting evidence of other crimes, wrongs, or acts. We reverse and remand for a new trial.

Reversed and remanded.

NAJAM, J., concurs.

CHEZEM, J., concurs in result with separate opinion.

CHEZEM, Judge, concurring in result.

I concur in result. First, I note that Williams was charged with:

I. Criminal Recklessness with a Deadly Weapon,

II. Carrying a Handgun without a License,

III. Possession of a Handgun within 1000 Feet of a School, and

IV. Possession of a Handgun after a Felony Conviction.

(R. 61; State's Exhibit 1, p. 141-45). Williams was then charged with two counts of Intimidation of a witness to those four prior offenses. Williams filed a pre-trial motion to prevent: 1) the admission of evidence of the "nature of the crimes charged" in Cause No. 87D01-9412-CF-149 and Cause No. 87D01-9412-CF-150. The first action was regarding eight counts of criminal recklessness and the second was regarding the four counts listed above; 2) the admission of evidence of Williams's prior burglary conviction, which was the underlying felony of count IV, above: Possession of a Handgun after a Felony Conviction; 3) the admission of evidence of Williams's current incarceration; and 4) any mention of Williams's incarceration, "the nature of the charges now pending against Defendant in Warrick Superior Court," or the prior burglary conviction. (Supp. R.).

The motion argued lack of relevancy, prejudice, and Ind. Evidence Rule 404(b) (Other Crimes, Wrongs, or Acts). This motion was granted but only "to the extent of not going into the details of the criminal offense." (Supp. R.).

The majority opinion states that admission of evidence of the four charges was "blatant overkill." (slip op. at 9). I consider this statement to be incorrect. The four charges listed in State's Exhibit 1, including the prior burglary conviction, are admissible under Evid.R. 404(b) in that they reveal Williams's motive and intent to intimidate the witness. Indeed, the prior conviction was an element of count IV, above. The testimony of an officer or the county clerk in lieu of the exhibit would not eliminate any prejudice arising from the charges. Regardless, .the considerable relevance of the charges outweighs any prejudicial effect. The trial court did not err.

The Petition for Revocation of Probation (State's Exhibit 2) listed eight other counts of Criminal Recklessness (mentioned in item 1 of Williams's pre-trial motion), a charge of sexual misconduct, two other charges of intimidation, two charges of resisting law enforcement, and one charge of possession of a controlled substance. (R. 155–56). Though it does list the four counts of State's Exhibit 1, I agree that this exhibit is unfairly prejudicial and any slight relevance is outweighed thereby.

Williams objected to State's Exhibit 2 "on the basis of my continuing objection—continuing objection and on the additional grounds that the status of the prosecution is not relevant." (R. 153). The Exhibit was shown to the jury and the only question asked of the sponsoring witness was whether the revocation was still pending. Williams's continuing objection initially related to the State's direct examination of the investigating officer when questioned about the William's pointing of a handgun. Williams objected "on the basis of my previous objection on Rules 401 through 404 and would move a continuing objection to any State's evidence concerning the particulars of the other crimes that *formed the basis of this prosecution.*" (R. 135–36) (emphasis added). This was overruled, but the court allowed the record to show the continuing objection. It is arguable whether Williams ever objected to admission of evidence relating to the other charges mentioned on the probations revocation petition.

The continuing objection only related to crimes which formed the basis of the prosecution, not subsequent crimes. It is possible to read the pre-trial motion, however, to include Williams's criminal activity *following* his arrest for intimidation because it mentions "charges now pending ... in Warrick Superior Court." (Supp. R.). The pending charges which arose after William's arrest for intimidation were pending in Warrick Circuit Court.

I believe that Williams did not clearly state his objection but thought his continuing objection adequately protected his objection. By not requiring Williams to explicitly state his objection to State's Exhibit 2, the trial court did not produce a clear record as to the grounds for the objection or the reason for overruling the objection. Because the prejudicial value of the exhibit outweighs the slightly relevant although redundant value, I concur in result.