William Manuel JONES, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 02A03–9803–CR–140.

Court of Appeals of Indiana.

March 30, 1999.

Rehearing Denied June 3, 1999.

Mark A. Thoma, Deputy Public Defender, Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, William Manual Jones (Jones), appeals his convictions for Operating a Motor Vehicle While his Driving Privileges were Forfeited for Life, a Class C felony,[1] and False Informing, a Class B misdemeanor.[2]

We reverse and remand for a new trial.

On March 18, 1997, Police Officer Jon Bonar (Bonar), of the Fort Wayne Police Department, stopped a vehicle in which Jones was a passenger. At that time, Jones gave Bonar his correct identifying information, and he was not charged with any criminal activity. Approximately two hours later, Bonar stopped a different vehicle that he observed run a stop sign and make a turn without signaling. This time, Jones was the driver of the car, and gave Bonar a fake name, birthdate, and social security number. However, Bonar recalled speaking to Jones earlier that evening, and he then arrested Jones and took him to the police station to determine his true identity. Through fingerprint and police photo matching, Jones was identified.

During trial, the prosecution was required to prove beyond a reasonable doubt that Jones' driver's license had been suspended for life as of March 18, 1997, and that Jones operated a vehicle on that date. Jones' trial counsel sought only to dispute the first element. In an effort to prove the lifetime suspension of Jones' license, the prosecutor introduced, through witness Bonar, Jones' Bureau of Motor Vehicles record (BMV rec-

---

1. I.C. 9–30–10–17 (Burns Code Ed. Repl.1997).

2. I.C. 35–44–2–2 (Burns Code Ed. Repl.1998).

ord). Included within the BMV record, was the Indiana Abstract of Court Record from Noble County (abstract), dated December 11, 1989, which stated that Jones had been convicted as an habitual traffic offender and that, therefore, his driving privileges were to be suspended for life. On cross-examination, Jones' counsel questioned Bonar about the conviction upon which the lifetime suspension was based. Bonar acknowledged that a lifetime suspension of driving privileges must be based upon a felony conviction. Also, Bonar testified that the cause number of the conviction listed on the abstract indicated that it was a misdemeanor rather than a felony conviction.

On redirect, in order to show that the suspension was based upon a felony conviction, the prosecutor sought to place in evidence the entire set of findings of the Noble County trial court (findings) which permanently suspended Jones' driving privileges.[3] The trial court admitted the findings over Jones' objections and allowed Bonar to read them in their entirety to the jury. The findings included fourteen prior convictions, beyond the conviction upon which the lifetime suspension was based. More than half of these convictions were not traffic related. Jones requested a mistrial at the close of evidence, which request was denied because the trial court believed the findings to be material and relevant, and that Jones was not put in great peril by the admission of the evidence.

*Waiver*

■ At trial, Jones made contemporaneous objections, on several bases including relevancy, to the admission of the findings. However, Jones never specifically made an Ind. Evidence Rule 404(b)[4] objection to the evidence. The government argues, therefore, that Jones has waived his Evid. R. 404(b) argument on appeal. We disagree that a relevancy argument is not enough to

preserve a 404(b) argument upon appeal, where the evidence offered by the state is that of a defendant's prior convictions. An objection is sufficient to preserve an issue for appeal where it "alert[s] the trial judge fully to the legal issue being raised." *Goudy v. State* (1997) Ind., 689 N.E.2d 686, 692, *reh'g. denied.* An Evid. R. 404(b) objection is simply a specific form of a relevancy objection. *But see Williams v. State* (1997) Ind., 690 N.E.2d 162, 173 (holding that despite the fact that the defendant objected to an exhibit on the basis of relevance, he did not specifically object based upon 404(b), and thus, did not preserve the issue for appeal). However, we conclude that this case differs from *Williams,* in that the court in that case discussed evidence of gang membership rather than prior convictions as in this case. Evid. R. 404(b) is implicated anytime a prosecutor attempts to introduce evidence of a defendant's prior conviction. Thus, where the defense objects to evidence of prior convictions on the basis of relevancy, a trial court should be alerted to Evid. R. 404(b) concerns.

The state argues that under a 404(b) analysis, the trial court correctly overruled Jones' objection because he "opened the door" by questioning whether his lifetime suspension was premised upon a felony conviction as required by I.C. 9–30–10–16(b), rather than by a misdemeanor conviction, as the cause number on the abstract indicated. It has been held that when a defendant goes beyond merely denying the charge and affirmatively presents a claim contrary to the charge, e.g., that the defendant's suspension was not for a felony and therefore could not have resulted in a lifetime suspension, the State may respond by offering evidence of prior offenses, but only to the extent that it is relevant to an issue of genuine dispute other than "character," and not in order to show defendant's propensity to act unlawfully. *See Reynolds v. State* (1995) Ind.App., 651 N.E.2d 313; *Bolin v. State* (1994) Ind.

---

**3.** The findings concluded with the judge sentencing Jones to four years. The prosecutor's stated purpose in having the findings read was to show that, because the maximum penalty for a misdemeanor crime is one year and Jones was given four years, he must have been convicted of a felony.

**4.** Evid. R. 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The rule also lists several exceptions.

App., 634 N.E.2d 546. However, this premise has been called into question. *See Hicks v. State* (1997) Ind., 690 N.E.2d 215, 222. In *Hicks*, the Court noted that *Wickizer v. State* (1993) Ind., 626 N.E.2d 795, upon which *Reynolds* and *Bolin* relied, was restricted to the 404(b) exception relating to intent.

■ Be that as it may, even if it were proper to admit evidence of a prior offense because Jones went beyond merely denying that his driving privileges had earlier been suspended for life, such evidence would be necessarily restricted to the particular issue in question, i.e., whether he was convicted of the earlier Habitual Traffic Offender charge as a felony or as a misdemeanor. We, therefore, necessarily turn to the question regarding the inclusion of the litany of prior offenses read to the jury, rather than merely the Habitual Traffic Offender conviction.

■ Even if prior crimes evidence is admissible, its probative value must still be weighed against the unfair prejudice against a defendant that its admission may cause. Evid. R. 403.[5] This is a difficult burden because "[e]vidence of a prior conviction is as prejudicial as evidence can get, and [thus,] requires a strong showing of probative value." *Thompson v. State* (1997) Ind., 690 N.E.2d 224, 235. Furthermore, as noted by our Supreme Court in *Thompson*, "[i]n its effort to prove guilt, the State may not 'flood the courtroom' with unnecessary and prejudicial details of prior criminal conduct merely because some of that evidence is relevant and admissible." *Thompson, supra* at 236 (quoting *United States v. Smith* (1996) 7th Cir., 80 F.3d 1188, 1193). The Court continued, stating that "evidence of prior crimes is presumptively prejudicial. Even where a prior criminal act is relevant to a material fact, the potential for unfair prejudice dictates that the evidence of the prior misconduct be limited to that necessary to prove the disputed fact." *Id.* It is obvious to this panel that none of the other fourteen convictions in the state's exhibit had any relevance to the elements in this case. The absence of probative value, therefore, emphasizes the substantial prejudicial effect upon Jones.[6] Furthermore, it would have been a simple matter for the prosecutor to show evidence of the Driving as a Habitual Traffic Violator felony conviction, and the sentence which Jones received for such, without bringing the rest of the convictions to light.

■ Finally, having determined that the evidence was erroneously admitted, we must determine whether, as the state urges, this error in the admission of Jones' prior convictions is harmless error in light of the overwhelming evidence against Jones. In making this determination, we will only disregard an error in the admission of evidence where its admission does not affect the substantial rights of a party. *Bacher v. State* (1997) Ind., 686 N.E.2d 791. The dangers of exposing the jury to the prior convictions of a defendant are abundant. Two such dangers were described in *Williams v. State* (1997) Ind.App., 677 N.E.2d 1077, 1081. The first is that the evidence may have resulted in Jones being convicted based upon his character rather than for the acts he committed in connection with the charges for which he was being tried. *Id.* (citing *Swain v. State* (1995) Ind.App., 647 N.E.2d 23, 24, *trans. denied*). Secondly, the "admission of evidence of criminal activity beyond that specifically charged [may have] 'intolerably enlarge[d]' the burden on the defense and 'effectively negate[d]' the due process presumption of innocence accorded to [Williams]." *Id.* (citations omitted). We hold that the admission into evi-

---

5. Specifically, Evid. R. 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."

   A relevancy objection is specific enough to preserve review under Evid. R. 403. *See Williams, supra*, 690 N.E.2d 162 (although relevancy objection was not adequate to obtain review under 404(b), the court still weighed the probative value of the evidence against its prejudicial nature).

6. In addition, we note that no effort was made by the trial court to reduce the prejudicial nature of this evidence. There was no curative instruction given despite the fact that at least after Jones' motion for mistrial, the trial court was fully informed of Jones' concerns regarding the admission of his prior convictions being prejudicial to his case. Furthermore, no admonishment was given to the jury, despite the prosecutor's amenability to such.

dence of a laundry list of Jones' prior convictions and the reading of such to the jury was simply too prejudicial, and added too heavily to the burden on the defense for us to allow the convictions in this case to stand.[7] To do so would be to condone actions which clearly violated Jones' constitutional right to a fair trial.

We reverse and remand for a new trial.

SHARPNACK, C.J., concurs.

HOFFMAN, Sr.J., dissents with separate opinion.

### HOFFMAN, Senior Judge, dissenting

I respectfully dissent.

I fail to find that the admission of the questioned evidence affected the substantial rights of Jones. In the opening statement, Jones' counsel stated to the jury:

> "I don't think that there's going to be any question that the evidence is going to show that Mr. Jones operated a vehicle. That's not our dispute today, but the evidence will not show beyond a reasonable doubt in the meaning of the law that he had been suspended for life as of that date."

Therefore, the only question the jury had to decide was whether Jones' driving privileges had been suspended for life.

There was placed in evidence a certified copy of the Bureau of Motor Vehicles Official Driving Record of Jones which showed that the Noble County Court had suspended his license for life. Upon cross-examination Jones' counsel established the fact that the number assigned to the Noble County Court cause was a misdemeanor number and the license suspension for life does not follow a conviction for a misdemeanor. Upon redirect, the State offered a certified copy of the Noble County Court's record of the conviction which showed that the conviction was for a felony and the court forfeited Jones' privileges of operating a motor vehicle for life.

Jones' counsel objected on the grounds of relevancy. The trial court ruled properly when he overruled the objection. The coun-

ty court record was relevant to show that Jones' driving privileges had been forfeited for life. This was the exact and only question before the jury. It was also relevant to show that the conviction was for a felony and not a misdemeanor as Jones' counsel had sought to establish on cross-examination. No objection was made to any specific part of the court record and no request was made to redact any part of the record.

In that court record the trial court made extensive findings concerning Jones' prior criminal record. These were set out to support the trial court's findings on aggravating circumstances. The majority opinion finds such was too prejudicial and added heavily to the burden on the defense. However, if such was error, it was certainly harmless.

In this trial there was no element of intent, no character dispute, no credibility dispute and no question of who was driving the vehicle. The sole question was whether the driving privileges had been forfeited for life. This was shown by overwhelming evidence based on the Bureau of Motor Vehicles records and the Noble County Court records.

I would affirm the conviction as to Count I, Operating a Motor Vehicle While His Driving Privileges were Forfeited for Life.

As to Count II, False Informing, I would affirm the conviction. In Jones' opening and closing statements, no reference was made to Count II. As stated above, the only question was whether or not Jones' driving privileges were suspended for life. There was overwhelming and uncontroverted evidence to support the False Informing charge. No instruction was offered limiting the Noble County Court record to Count I, and at no time was such a request made. Any error (if any) was harmless and did not place Jones in peril or prejudice his defense.

I would affirm the trial court on both counts.

---

7. In so holding however, we conclude that there was sufficient evidence presented to support a conviction on both charges. Thus, the double jeopardy clause is not implicated and retrial of Jones on the same offenses is not barred. *Thompson, supra,* 690 N.E.2d at 237.