## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 13 2017, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Craig Nesbitt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 13, 2017

Court of Appeals Case No.
49A02-1606-CR-1233

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1506-F2-19293

**Baker, Judge.**

Craig Nesbitt appeals his convictions for Kidnapping,[1] a Level 3 Felony, and Battery by Means of a Deadly Weapon,[2] a Level 5 Felony. He argues that there is insufficient evidence supporting his convictions. Finding the evidence sufficient, we affirm.

## Facts

In May 2015, Brandon McClendon, Andreas Wells, and Terrell Gordon shared an apartment in Indianapolis. On the morning of May 26, McClendon was getting ready for work while Wells was asleep and Gordon was in the bathroom. As McClendon opened his apartment door to leave, two males brandishing guns pushed their way into the apartment and grabbed McClendon by his shirt. One of the men pointed the gun in McClendon's face and pushed him back into the apartment. He continued to push McClendon from the living room into the hallway. The man repeatedly asked, "Where's the money?" Tr. p. 28. As the man pushed McClendon backwards, the two tripped over a piece of furniture. The man struck McClendon on the head with the gun and the gun fired, shooting a bullet into the ceiling. The man grabbed McClendon's shirt again and dragged him, "like a dog," through the hallway towards the bedroom and bathroom. *Id.* at 34.

---

[1] Ind. Code § 35-42-3-2.

[2] Ind. Code § 35-42-2-1.

[3] Meanwhile, Gordon had retrieved his own gun. As the intruders made their way down the hallway, Gordon aimed his gun through an open door and began firing. He hit the man who had been dragging McClendon several times, including once in the face. The intruders ran out, and McClendon barricaded himself in the bedroom and called the police.

[4] Less than half an hour later, the police received a report of a man being treated for a gunshot wound at a nearby hospital. At the hospital, they found Nesbitt, who had been shot in the jaw and the left shoulder. Forensic investigators later matched Nesbitt's blood to blood found on the apartment door, the staircase leading to the apartment, the back door of the apartment building, and the patio outside.

[5] On June 4, 2015, the State charged Nesbitt with Level 2 felony burglary, Level 3 felony kidnapping, and Level 5 felony battery by means of a deadly weapon. The State later added another Level 2 felony burglary charge. After an April 25-26, 2016, trial, a jury found Nesbitt guilty of kidnapping and battery, but not guilty of the two burglary charges. On May 13, 2016, the trial court sentenced Nesbitt to twelve years on the kidnapping conviction, with two years suspended, and four years on the battery conviction, to be served concurrently. Nesbitt now appeals.

## Discussion and Decision

[6] Nesbitt argues that there is insufficient evidence to support his kidnapping or battery convictions. He argues that the evidence shows that he did not

"remove" McClendon, but rather that McClendon's movements were of his own volition. Nesbitt also argues that he did not strike McClendon, but that the two engaged in a mutual struggle over the gun.

[7] When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. *Harbert v. State*, 51 N.E.3d 267, 275 (Ind. Ct. App. 2016). We will consider only the evidence supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[8] To convict Nesbitt of Level 3 felony kidnapping, the State was required to prove beyond a reasonable doubt that Nesbitt "knowingly or intentionally remove[d] another person by . . . force, or threat of force, from one place to another" while armed with a deadly weapon. I.C. § 35-42-3-2(a); -2(b)(2)(A). To convict him of Level 5 felony battery, the State was required to prove beyond a reasonable doubt that Nesbitt "knowingly or intentionally touche[d] another person in a rude, insolent or angry manner" and that he did so with a deadly weapon. I.C. § 35-42-2-1(c)(1); -2(g)(2).

[9] McClendon testified that Nesbitt dragged him by his shirt through the apartment from the living room down the hallway "like a dog." Tr. p. 34. McClendon also testified that Nesbitt "trie[d] to pistol-whip me with the gun," and that "in that same motion, the gun hit[] my head." *Id.* at 31. The jury accepted McClendon's account, which readily supports Nesbitt's convictions,

as accurate. Nesbitt's request that we reinterpret the situation in his favor amounts to an invitation for us to reweigh the evidence, an invitation that we decline. Because the uncorroborated testimony of a single witness is sufficient to support a conviction, *Thompson v. State*, 612 N.E.2d 1094, 1098 (Ind. Ct. App. 1993), Nesbitt's convictions are supported by sufficient evidence.

[10] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.